## Richmond

COMMONWEALTH OF VIRGINIA, DEPARTMENT OF TAXATION V. BLUE-
FIELD SANITARIUM, INC., T/A CLINCH VALLEY CLINIC HOSPITAL.

March 5, 1976.

Record No. 750233.

Present, All the Justices.

*Terrence A. Emerson*, Assistant Attorney General (*Andrew P. Miller*, Attorney General; *Charles K. Trible*, Assistant Attorney General, on brief), for plaintiff in error.

*Carl C. Gillespie* (*Gillespie, Gillespie & Hart*, on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

The Department of Taxation of Virginia, Sales and Use Tax Division, is here on a writ of error to a final order of the lower court holding that Bluefield Sanitarium, Inc. is entitled to an exemption under the Virginia Retail Sales and Use Tax Act, Code § 58-441.6 (s), for drugs purchased by Bluefield and subsequently dispensed to its pa-

tients. Bluefield admits that the facts are correctly stated by the Attorney General to be as follows:

"Bluefield operates a private hospital, duly licensed, and operating for profit and not as a charity. Patients are admitted as private patients of physicians on the staff of the hospital and are charged for services rendered by the hospital. Bluefield maintains in its hospital a pharmacy under the supervision of a licensed pharmacist who is an employee of the hospital. The pharmacy is not a separate entity, but is a part of the hospital, it is not open to the public, and it does not dispense drugs to persons who are not patients in the hospital.

"A drug committee composed of three staff doctors and the staff pharmacist determines what stock of drugs should be acquired by the hospital, and the hospital purchases these drugs in bulk quantities from drug manufacturers or wholesalers. Once delivered the drugs are maintained under the supervision and control of the pharmacist until needed. When a physician determines that a hospital patient is in need of medication, he executes a work order or prescription and it is delivered to the pharmacy. The pharmacist prepares the prescription and the drug is then taken to the patient to be administered according to the directions on the prescription. The charge for the drug is added to the patient's bill and invoiced to the patient by the hospital.

"The Department conducted an audit of Bluefield during January, 1971, and assessed use tax and interest of $26,492.11 with respect to its purchases of tangible personal property, including drugs, for the period of December 1, 1966, through November 30, 1970. This tax was paid during January, 1971. No tax was assessed against any of Bluefield's staff physicians with respect to drug purchases or sales, nor was any tax assessed against any patient with respect to his use of drugs, food, rooms or other property while in the hospital. The taxpayer concedes that it is liable for the tax on all tangible personal property used, acquired or consumed by it except drugs and medicines administered to its patients pursuant to a prescription or work order of a licensed physician. It is only for the tax assessed with respect to the hospital's purchase of such drugs and medicines that the taxpayer claims an exemption."

The exemption provided by Code § 58-441.6(s) was also involved in *Doctors Hospital* v. *Dept. of Taxation*, 213 Va. 504, 193 S. E. 2d 684 (1973). Much that we said there is pertinent in the in-

stant case and need not be repeated. However, in *Doctors Hospital* the pharmacy was a conventional one, operating separate and apart from the hospital. We held that the procedure followed by the hospital and the pharmacy constituted a *sale* of drugs on a "prescription or work order" of a licensed physician and that the transaction was tax exempt. This case is significantly different. Here, no sales or use tax has been assessed to the hospital as a retailer of prescription drugs, and no use tax has been assessed to any patient in Bluefield as a consumer of drugs. The amount paid by a patient to Bluefield for hospital services, which include room, meals and drugs, is non-taxable to the patient.

A hospital is engaged primarily in rendering services, and the meals, drugs, bandages, etc. provided its patients are incidental to the rendition of these services. The Retail Sales and Use Tax Act treats a hospital not as a retailer, but as a consumer of all tangible personal property acquired by it for its use in the operation of the hospital.[1]

The tax exemption provided in Code § 58-441.6 (s) for drugs dispensed by or sold on prescriptions or work orders of licensed physicians applies at the level where a retail sale is made to a patient or customer. The tax here was assessed against Bluefield on its purchase of bulk drugs from wholesalers and manufacturers. It was imposed by Code § 58-441.5 upon the first instance of use.[2] It attached when Bluefield, as the purchaser, took possession of the drug within the state.

---

[1] Code § 58-441.2 (e) provides, in part:

"For the purpose of the tax imposed by this chapter, the terms '*retail sale*' and a '*sale at retail*' shall also include sales of tangible personal property to persons for resale when because of the operation of the business, or its very nature, . . . or because such persons are engaged in essentially service businesses, or for any other reason there is likelihood that the State will lose tax funds due to the difficulty of policing such business operations. . . ."

Section 1-47 (a) of The Virginia Retail Sales and Use Tax Rules and Regulations provides:

"Hospitals conducted for profit.—A hospital is primarily engaged in the business of selling services and is a user or consumer of all tangible personal property purchased for use or consumption in connection with the operation of the hospital. The hospital is required to pay the tax to its vendor at the time of purchase."

[2] Code § 58-441.3 (h) provides:

" '*Use*' means and includes the exercise of any right or power over tangible personal property incident to the ownership thereof, except that it does not include the sale at retail of that property in the regular course of business."

Section 1-65 of the Tax Rules and Regulations provides:

"(b) Physicians, dentists, and hospitals are considered to be the users or consumers of medicines and drugs which they purchase for use in administering treatment to their patients; therefore, sales thereof to physicians, dentists and profit hospitals for such use are subject to the tax, and this is true notwithstanding such medicines and drugs may be of the type usually sold only on a prescription of a physician or dentist. . . ."

In connection with the transfer of drugs from a manufacturer to a consumer, the first step is normally a sale by the manufacturer to a drug wholesaler. Because this is a sale for resale, the transfer is exempt pursuant to Code § 58-441.2 (c). The next transfer, which is normally a sale by the drug wholesaler to a retail pharmacy, is also exempt because a pharmacy is a retailer. It buys for resale and is not engaged in the service business. In the instant case the sale from the wholesaler or manufacturer was direct to the hospital. This was not a sale for resale, but a sale to a user or consumer.

No taxable event occurs with respect to drugs supplied by the hospital to the patient, for such drugs are being supplied and administered in the performance of its service as a hospital. Irrespective of whether the hospital is providing beds, food or medicines, the hospital is the "consumer" in the tax sense because all property acquired by it is for use in the performance of its service to patients. This points up the distinction between *Doctors Hospital* and the case under review. In *Doctors Hospital* we dealt with a retail pharmacy and the charges it made for drugs sold on prescription to patients in the hospital. Here the drugs were sold to the hospital. True, some of these drugs were later prescribed for patients by their physicians, compounded or mixed by the hospital's pharmacist and administered to the patients by nurses or other hospital personnel. This was all a part of the service the hospital provided its patients and for which it made a charge.

In *Doctors Hospital*, and more recently in *Dept. Taxation* v. *Prog. Com. Club*, 215 Va. 732, 213 S. E. 2d 759 (1975), we cited numerous cases holding that a tax assessment made by the proper authorities is prima facie correct and valid and that the burden is on the taxpayer to show that such assessment is erroneous. We further noted that the construction of a statute by a state official charged with its administration is entitled to great weight.

Our decision here accords with the construction of the applicable tax statutes made by the State Tax Commissioner. It further finds support in *Haden* v. *McCarty*, 152 So. 2d 141 (Ala. 1963) and *Crutcher Dental Supply Co.* v. *Rabren*, 246 So. 2d 415 (Ala. 1971). In the latter case the court upheld a sales tax on materials sold by a dental supply company to dentists on the ground that the dentists were the consumers of the property in the course of providing a service to their patients.

We do find appeal in Bluefield's argument that "the General Assembly intended to relieve sick persons from the additional burden

of a sales or use tax on drugs and medicines dispensed to them pursuant to a prescription or work order of a licensed physician". However, this argument should more properly be addressed to the General Assembly of Virginia. Bluefield cannot rely upon Code § 58-441.6 (s), for this section is designed to relieve *patients* of a tax, not to relieve persons "engaged in essentially service businesses".

Accordingly, the final order of the lower court is reversed, and final judgment will be entered here for appellant.

*Reversed and final judgment.*