## CIRCUIT COURT OF FAIRFAX COUNTY

Aaron R. Patten

v.

Chrysler Corp.

March 7, 1997

Case No. L155311

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on January 17, 1997, on the Defendant's Demurrer to the Amended Motion for Judgment. At the conclusion of the hearing, the Court took the matter under advisement. The Court has now had the opportunity fully to consider the briefs and the arguments of counsel. For the reasons stated below, the Demurrer will be overruled.

### Facts

The facts of this case will be briefly summarized. On November 18, 1996, plaintiff, Aaron R. Patten, filed an amended motion for judgment against Chrysler Corporation. The motion for judgment alleges in Count I that Chrysler breached the Magnuson-Moss Warranty Act and the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law") for failing to conform Mr. Patten's defective 1995 Dodge Ram pick-up truck to the applicable warranties or, in the alternative, to accept return of the impaired truck for a refund of the purchase price. In addition, Count II of the amended motion for judgment alleges that Chrysler violated the Virginia Consumer Protection Act for making various misrepresentations concerning the condition of the automobile and the efficacy of the attempted repairs. Mr. Patten was not the original owner of the truck. Instead, he purchased it used from another within the warranty period. He reported the alleged nonconformity of the vehicle to the manufacturer and pursued his rights under the Lemon Law within eighteen months of the original purchase of the vehicle.

*Demurrer*

Defendant demurred to Count I of the Motion for Judgment claiming that Mr. Patten cannot bring a cause of action under the Lemon Law because the plain language of the statute only permits actions by purchasers of "new motor vehicles" and Mr. Patten is the admitted second owner of the pick-up truck. *See* Va. Code §§ 59.1-207.9-16. The plaintiff argues that neither the statute nor Chrysler's express warranty is limited to "new motor vehicles." Mr. Patten contends that the warranty follows the vehicle, not the owner, and that he purchased the truck during the balance of the manufacturer's express warranty period.

Chrysler's argument that only the first owner of a new motor vehicle is entitled to bring a claim under the Lemon Law ignores that express language of the statute. The intent of the Lemon Law is that "a good faith motor vehicle warranty complaint by a consumer should be resolved by the manufacturer, or its agent, within a specified period of time." Code § 59.1-207.10. A "consumer" entitled to pursue remedies under the Lemon Law is defined as:

> [T]he purchaser, other than for purposes of resale, of a motor vehicle used in substantial part for personal, family, or household purposes, *and any person to whom such motor vehicle is transferred for the same purposes during the duration of any warranty applicable to such motor vehicle,* and *any other person entitled by the terms of such warranty to enforce the obligations of the warranty.*

Code § 59.1-207.11 (definition of "consumer") (emphasis added).

The Court concludes that Virginia law allows a second (or subsequent) owner of a motor vehicle to bring an action to enforce his rights under the Lemon Law, so long as the second or subsequent owner is entitled to the benefits of the manufacturer's warranty and notifies the manufacturer of the nonconformity and pursues his rights under the Lemon Law within the express statutory time period. Va. Code § 59.1-207.11 (definition of "Lemon Law rights period").

Additionally, Chrysler demurred to Count II of the Motion for Judgment, stating that Mr. Patten has not alleged a violation of the Virginia Consumer Protection Act because he failed to plead fraud with particularity. *See Tuscarora, Inc. v. B.V.A. Credit Corp.*, 218 Va. 849 (1978). Mr. Patten responds that he has adequately pleaded his claim because an alleged violation of the Consumer Protection Act does not equate to a claim of common law

fraud, requiring pleading with particularity. The Court concludes that Count II is sufficient to state a claim under the Consumer Protection Act.

For the foregoing reasons, the Demurrer to the Motion for Judgment will be overruled.