Present: Carrico, C.J., Lacy, Keenan, Koontz, and Lemons, JJ.

WELDING, INC.

v. Record No. 000836    OPINION BY JUSTICE ELIZABETH B. LACY
                                   March 2, 2001
BLAND COUNTY SERVICE AUTHORITY

FROM THE CIRCUIT COURT OF BLAND COUNTY
J. Colin Campbell, Judge

Welding, Inc. (Welding), a construction company, sued the Bland County Service Authority (the Authority), for payments allegedly due pursuant to a contract between the parties. In this appeal, Welding seeks reversal of the trial court's judgment dismissing the action, asserting that the tolling provision of Code § 8.01-229(E)(1) applies to actions filed in a federal court located outside the Commonwealth and that the allegations in its proposed amended motion for judgment were sufficient to withstand a demurrer because they reflected compliance with certain statutory and contractual provisions required for recovery.

In 1995, the Authority[1] awarded a $981,000 contract to Welding for the construction of a piping system through the East River Mountain Tunnel located on Interstate Highway 77 at the Virginia-West Virginia border. The contract required the use of a specific type of plastic piping system. At a meeting in 1996, Welding told the Authority that the plastic piping

was unsuitable because of the vibration from the automobile traffic in the tunnel. The Authority acknowledged Welding's concerns but decided to proceed using the plastic piping. The piping failed repeatedly during testing, necessitating repairs and delays.

Following completion of the work, Welding sought payment of the full contract price and approved change orders. On February 13, 1998, the Authority responded, notifying Welding that it attributed the delay in completion to Welding and was withholding $166,000 of the contract price, which represented liquidated damages for the delay. The Authority also denied Welding's claim for an additional $100,000 in extra work that Welding claimed was required to fix the leaks in the piping system.

On April 29, 1998, Welding filed suit against the Authority in the United States District Court for the Southern District of West Virginia. The federal court determined that it did not have jurisdiction to entertain the litigation because of a forum selection clause in the contract and dismissed the suit without prejudice on November 17, 1998. Welding filed the instant action in the Circuit Court of Bland County on January 8, 1999. The Authority filed a plea in bar

---

[1] At the time of the contract, the Authority was named the Bland County Water Authority.

and a demurrer asserting that Welding failed to comply with § 11-69 of the Virginia Public Procurement Act, Code §§ 11-35 to -80 (the Procurement Act), because Welding did not give notice of its intent to file a claim as required by subsection A and did not institute legal action within the time prescribed in subsection D of Code § 11-69.

The trial court granted the Authority's demurrer and plea in bar. As to the plea in bar, the trial court found that filing a suit in an "improper venue" or a forum "outside the jurisdiction of the Commonwealth" does not invoke the tolling provision of Code § 8.01-229(E)(1) and, therefore, the instant litigation was not filed within six months of the final decision of the Authority as required in Code § 11-69(D). In sustaining the Authority's demurrer, the trial court held that the claims were barred as a matter of law because Welding failed to comply "with the contractual conditions precedent to ascertain any claim" and with the "requisite statutory conditions precedent to asserting any claims in this court." Specifically, the trial court found that "[n]owhere in the pleadings does it appear that the contractor ever gave 'written notice of its intention to file' [a] claim" as required by Code § 11-69(A). The trial court denied Welding's motion to reconsider and motion for leave to file an amended motion for judgment and dismissed the motion for judgment.

3

On appeal, Welding raises a number of assignments of error which generally challenge the trial court's construction and application of the tolling provision of Code § 8.01-229(E)(1) and the denial of Welding's motion to file an amended motion for judgment.

## I.   Plea in Bar

We first address whether the trial court correctly determined that the tolling provision of Code § 8.01-229(E)(1) does not apply to actions filed in federal courts.  The trial court's decision was based on its comparison of subsections (E)(1) and (E)(3) of Code § 8.01-229.  Those subsections provide respectively:

> 1. Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.
>
> . . . .
>
> 3. If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court . . . . This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court . . . .

4

The trial court reasoned that because the General Assembly specifically made the tolling provision of subsection (E)(3) applicable to suits filed in federal court, but did not specifically include suits filed in federal courts in subsection (E)(1), the tolling provision of subsection (E)(1) was not applicable to suits in federal courts.  We conclude that the trial court's construction of subsection (E)(1) was erroneous for the following reasons.

Subsection (E)(3) addresses a very specific circumstance in which an action is abated or dismissed without determining the merits — the use of a voluntary nonsuit.  The term "nonsuit" identifies a specific practice used in Virginia civil procedure.  Federal court practice does not include a procedure labeled a "nonsuit," but does recognize procedures which are substantially equivalent to Virginia's nonsuit.  See Fed. R. Civ. P. 41.  In order to provide consistent treatment for the federal procedural equivalent of the Virginia nonsuit, specific reference to actions in federal courts in subsection (E)(3) of Code § 8.01-229 was required.

However, unlike the circumstances compelling the reference to federal courts in subsection (E)(3), no reference to federal courts was needed to allow the tolling provision of subsection (E)(1) to apply to suits filed in those courts.  Subsection (E)(1) applies a tolling period to "any action"

which abates or is dismissed without determining the merits. The term "action" refers to civil litigation in both the state and federal courts.[2] See Fed. R. Civ. P. 2 ("There shall be one form of action to be known as 'civil action.' ") There is no language in Code § 8.01-229(E)(1) which limits or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court. Accordingly, we conclude that the trial court erred in construing Code § 8.01-229(E)(1) as inapplicable to actions filed in federal courts.

The Authority asserts alternative arguments in support of the trial court's holding. The Authority argues that applying the tolling provision of Code § 8.01-229(E)(1) would "Ignore And Invalidate The More Specific, And Jurisdictional" time limit and forum requirements of Code §§ 11-69(D) and -70(E) and that the tolling provision cannot affect Code § 11-69(D) because that statute is a statute of repose. These arguments are not persuasive.

---

[2] Although the Authority argued in the trial court that the definition of "action" contained in Code § 8.01-2 restricts the subdivision's application to actions filed in circuit court, that argument was not advanced on appeal and is not persuasive. That Code section defines an "action" as including actions brought "in circuit courts or district courts." Thus, the term "action" is not limited to matters filed in circuit courts or general district courts. Furthermore, the purpose of the definition is to include proceedings both at law and in equity.

6

The Authority asserts that the provisions of the Procurement Act relating to filing suit within six months of the agency's final decision in "the appropriate circuit court" are statutes of specific application and take precedence over the more general tolling statute. The principle upon which the Authority relies applies when two statutes address the same subject matter and are in conflict. Here, however, there is no conflict because neither section of the Procurement Act addresses the tolling of actions, which is the subject of Code § 8.01-229(E)(1). Cf. Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991)(Code § 8.01-229(E)(3) deals generally with tolling statutes of limitations, whereas Code § 8.01-244(B) deals specifically with tolling of wrongful death actions and prevails over general statute). Because the provisions of the Procurement Act and the tolling statute address separate matters, the Procurement Act provisions relied upon here are not specific statutes which take precedence over the general tolling provision of Code § 8.01-229(E)(1).

The Authority next asserts that the two provisions at issue are "jurisdictional" and would be rendered meaningless if an action seeking relief under the Procurement Act could be prosecuted beyond the six month appeal time after having been filed in the wrong court. For purposes of this discussion, we

7

will assume without deciding that the General Assembly intended the phrase "bring an action . . . in the appropriate circuit court" to limit actions against it under the Procurement Act to the circuit courts of this Commonwealth.

Nevertheless, the term "jurisdictional" has many applications and the Authority does not explain precisely the meaning it ascribes to the term in this context. These provisions, however, do not implicate subject matter jurisdiction and, thus, are not mandatory jurisdictional requirements. See Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990). Rather, they are mandatory procedural requirements; that is, conditions that must exist in order for a court to resolve an action on its merits. The failure to comply with these requirements renders an order voidable, not void. Id.

The six month appeal period, like all limitations periods, ensures that defendants do not suffer a disadvantage caused by the passage of time making defense of a case more difficult. Applying the tolling provision here does not give rise to that disadvantage because, regardless of where an action is filed, it must be filed within the six month period for the tolling provision to be triggered. Furthermore, any error stemming from the failure to file the action "in the appropriate circuit court" does not prejudice the defendant,

because, as in this case, the original court cannot proceed to resolve the case on the merits.  We conclude that applying the tolling provision of Code § 8.01-229(E)(1) is not precluded by the language of the Procurement Act, does not defeat any legislative purpose to impose an appeal period or forum requirement, and does not render the limitations and venue provisions of Code §§ 11-69(D) and -70(E) meaningless.

Finally, we reject the Authority's argument that the appeal provision, Code § 11-69(D), is a statute of repose which cannot be subjected to a tolling provision.  At the onset, the Authority admits that it has no legal support for the proposition that tolling provisions do not apply to statutes of repose.  And, although the Authority correctly recites the proposition that a statute of repose is one that is based on the expiration of a specific time period, unrelated to when a cause of action accrues, Sch. Bd. of Norfolk v. United States Gypsum Co., 234 Va. 32, 37, 360 S.E.2d 325, 327-28 (1987), the six month period set out in Code § 11-69(D) is triggered by the accrual of the cause of action, that is, the point in time when the agency denies the claim.  Thus, Code § 11-69(D) operates in this regard as a statute of limitations, not a statute of repose.

Having concluded that the tolling provision of Code § 8.01-229(E)(1) is applicable to this action, we will reverse

9

the judgment of the trial court sustaining the Authority's plea in bar.

## II.  Demurrer

We now turn to Welding's assignments of error relating to the failure of the trial court to allow it to file an amended motion for judgment.  In its June 21, 1999 letter opinion sustaining the Authority's first demurrer, the trial court concluded that the motion for judgment did not indicate that Welding had filed a notice of intent to file a claim as required by Code § 11-69(A) nor that Welding had complied with the "contractual conditions precedent."  After consideration of Welding's motion to amend and a proposed amended motion for judgment, the trial court entered an order concluding that the proposed amended motion for judgment "would not cure the deficiencies upon which the Court's decision is based."  Although Welding does not challenge the trial court's action in granting the Authority's first demurrer, because of the posture of this case, we must consider the reasons given for granting the first demurrer in light of the amended motion for judgment.

The principles we apply are familiar.  A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action.  W.S.

10

*Carnes, Inc. v. Bd. of Supervisors*, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996). We consider as admitted the facts expressly alleged and those which fairly can be viewed as impliedly alleged or reasonably inferred from the facts alleged. Id.

There are two claims in this case: a claim for $166,000, representing the amount withheld as liquidated damages for delay the Authority attributed to Welding; and a claim for $100,000 for additional expenses Welding asserts were incurred as extra work to repair leaks to the piping system caused by the Authority's decision to use plastic piping. In considering whether the amended motion for judgment could "cure the deficiencies" found in the original motion for judgment, we apply the foregoing principles to both the statutory and contractual requirements for each claim.

## A. Statutory Requirements

Code § 11-69(A) requires that claims be submitted in writing "no later than sixty days after final payment" and that a written notice of intent to file a claim be submitted "at the time of the occurrence or beginning of the work upon which the claim is based." With regard to the $100,000 claim for the additional work, the amended motion for judgment states that "final payment" was made on February 13, 1998; that by letter dated March 3, 1998, "Welding made [a] claim

11

for $100,000" for the additional work; and that the Authority "previously had written notice of Welding's intention to file [the claim for $100,000 in additional costs] at the time of the occurrence or beginning of the work upon which the claim was based."

The Authority asserts that these allegations are insufficient to show a written intent to file a claim because it is based on the written minutes of a progress meeting. According to the Authority, the Procurement Act "envisions written notice **by the claimant,**" but these minutes were reduced to writing by the Authority's architect.[3]  The Authority's argument is not sufficient to warrant sustaining the demurrer on this point.

The amended motion for judgment in this case states only that the Authority had previous written notice of Welding's intention to file a claim.  While reciting portions of the written minutes of a progress meeting, the pleading does not claim that these minutes constituted the previous written notice of the intent to file a claim for the additional work. Furthermore, even assuming the written minutes are the

_____

[3] A number of exhibits were attached to the amended motion for judgment, including the contract between Welding and the Authority, minutes of meetings, and various correspondence. These documents are properly considered in determining whether a valid cause of action has been pled.  Flippo v. F&L Land Co., 241 Va. 15, 17, 400 S.E.2d 156, 156 (1991).

previous written notice pled by Welding, whether such writing complies with the requirements of Code § 11-69(A) is a determination to be made at trial.  A demurrer does not test matters of proof and, unlike a motion for summary judgment, does not involve evaluating and deciding the merits of a claim; it tests only the sufficiency of factual allegations to determine whether the pleading states a cause of action. Riverview Farm Assocs. v. Bd. of Supervisors, 259 Va. 419, 427, 528 S.E.2d 99, 103 (2000); Concerned Taxpayers v. County of Brunswick, 249 Va. 320, 327-28, 455 S.E.2d 712, 716 (1995); Fun v. Va. Military Inst., 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993).

With regard to Welding's claim for $166,000 in withheld liquidated delay damages, the amended motion for judgment states that on February 13, 1998 the Authority withheld the $166,000 and that in a letter dated March 3, 1998 Welding "objected to [the Authority's] decision to withhold liquidated damages for delay" and "made a written claim for the balance due."  Welding asserts that these allegations are sufficient to show compliance with the requirements of Code § 11-69(A) because the "occurrence" of the claim arose at the time the Authority made the determination to withhold the sum of $166,000 in liquidated delay damages.

The Authority asserts that these allegations are insufficient because the attachments to the pleadings show that disputes regarding responsibility for the delay and extra work arose in October 1996 and that Welding "was aware of" the disputes and "its intention to file claims" prior to the actual withholding of the liquidated damages. Even if the "occurrence" of the claim was at the time liquidated damages were withheld, the Authority continues, the March 3 letter was not proper notice because it was not given on February 13, "at the time of the occurrence."

Once again, however, the issues raised by the Authority require construing the provisions of the Procurement Act and applying them to the facts of this case. Issues such as whether filing notice eighteen days after an alleged "occurrence" or filing a notice of intent and a claim in a single document comply with the Procurement Act are not matters of pleading a cause of action, but of resolving the merits of the cause. See Flory v. Commonwealth, 261 Va. ___, ___ S.E.2d ___ (2001), decided today.

We conclude that the allegations of the amended motion for judgment and all inferences reasonably taken therefrom "cure the deficiencies" found by the trial court in the original motion for judgment regarding the requirements of the Procurement Act because they sufficiently allege written

14

notice of Welding's intention to file a claim for the withheld liquidated damages and the additional work as required by Code § 11-69(A).

### B. Contractual Provisions

The trial court also held that the amended motion for judgment did not "cure the deficiencies" of the original pleading regarding compliance with the "contractual conditions precedent" to making a claim. Nothing in the trial court's orders or letter opinions directly addresses the contractual provisions in issue or the specific deficiencies of the pleading. However, the Authority argues that these deficiencies include failure to allege compliance with contract provisions requiring written notice for an exemption from delay damages and written change orders for additional work.

Welding asserts that for the purposes of a demurrer, the amended motion for judgment sufficiently states a cause of action for breach of contract because it alleges that the Authority was given notice of the delay through the progress meetings and the minutes of those meetings and that the parties agreed that the extra repair work should be undertaken and "liability for delay and additional compensation for repairs would be resolved after the work was done." This

15

agreement, the amended pleading asserts, was "in accordance with paragraph 30A of the Supplementary General Conditions."

We conclude that these allegations sufficiently plead compliance with the "conditions precedent" to making a claim under the contract between the Authority and Welding. Like the dispute involving compliance with the notice provisions of Code § 11-69(A), the dispute here involves interpretation of the various contract provisions and application of the construed contract to the facts of this case. That is a matter for trial. As we have said, resolution of such issues is not appropriate for determination on demurrer and the trial court erred in denying Welding's motion to file its proposed amended motion for judgment.

Accordingly, for the above reasons, we will reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.