**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-1405

DOUGLAS L. MILLER; DEBORA A. MILLER,

Plaintiffs - Appellants,

versus

KING GEORGE COUNTY, VIRGINIA; BOARD OF
SUPERVISORS OF KING GEORGE COUNTY, VIRGINIA;
COUNTY ADMINISTRATOR OF KING GEORGE COUNTY,
VIRGINIA; JACK GREEN, Director of Community
Development, King George County, Virginia,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.   Henry E. Hudson, District
Judge.   (3:07-cv-00010-HEH)

Submitted:  January 30, 2008          Decided:  May 12, 2008

Before NIEMEYER and MICHAEL, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Philip Carter Strother, Robert Jackson Allen, STROTHER LAW OFFICES,
PLC, Richmond, Virginia, for Appellants. Edward W. Cameron,
David C. Gutkowski, ODIN, FELDMAN & PITTLEMAN, P.C., Fairfax,
Virginia; Matthew J. Britton, County Attorney, King George,
Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas L. and Debora A. Miller appeal the district court's order dismissing their 42 U.S.C. § 1983 (2000) complaint as barred by the statute of limitations and for failure to exhaust state remedies. Their complaint asserted that an ordinance regulating their well water system was unconstitutional. On appeal, they challenge only the dismissal of their due process claims. We affirm.

The Millers first contend that they may challenge an unconstitutional ordinance at any time, and therefore, the statute of limitations is inapplicable. Section 1983 suits are generally subject to statutes of limitations, and the particular statute used is the most analogous state limitations period. See National Advert. Co. v. Raleigh, 947 F.2d 1158, 1161 (4th Cir. 1991). The parties do not dispute that, if this case is subject to a statute of limitations, the appropriate limitations statute is two years. See Va. Code Ann. § 8.01-243(A) (Michie 2007). We reject the Millers' contention that this statute of limitations does not apply to § 1983 suits challenging the constitutionality of a state ordinance.

The Millers next contend that the statute was tolled under Va. Code Ann. § 8.01-229(E)(1) (Michie 2007), which reads as follows:

[I]f any action is commenced within the prescribed limitation period and for any cause abates or is

- 3 -

> dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Specifically, the Millers assert that the time period during which their state cases challenging the ordinance were pending should not count against them and that tolling the statute during the pendency of the state cases would render their action timely.

While it is debatable whether the Millers' civil cases could toll the statute, there is no question that a criminal case instituted against Mr. Miller would not satisfy the statutory requirements for tolling. The term "action" in the statute refers to "civil litigation in both the state and federal courts." Welding, Inc. v. Bland County Srv. Auth., 541 S.E.2d 909, 912 (Va. 2001). Therefore, at the latest, the statute began to run on March 10, 2004, when the Millers' petition for appeal was denied in their most recent civil case. Because the Millers filed the instant complaint in January 2007, over two years later, their complaint was untimely filed.

Finally, The Millers assert that they have been and still are subject to continuing harassment and unconstitutional actions by the Defendants. Thus, they claim that their complaint should be considered timely filed within two years of the latest unconstitutional actions.

"A continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation." National Advert., 947 F.2d at 1166. If the statutory violation does not occur at a single moment and instead is a series of separate acts and if the same alleged violation is committed at the time of each act, the limitations period begins anew with each violation and only those violations preceding the filing of the complaint by the full limitations period are foreclosed. Id. at 1167. With regard to statutory or regulatory challenges, we have found continuing violations where regulations continued to be applied to persons within the statutory limitations period. Id. In such cases, we consider the following factors: (1) the harm to the plaintiff and whether that harm has been compounded by further governmental actions and (2) whether unfairness results from finding the continuing wrong exception inapplicable. Id. at 1167-68 (finding no continuing violation where statute applied once to discrete set of individuals with a foreseeable, ascertainable harm).

Applying these factors, we conclude that there was no continuing violation in this case. Here, the harm to the Millers occurred when they were found in violation of the zoning ordinance in 2001. The additional "violations" cited by the Millers were merely the County's attempts to bring the Millers into compliance and were in large part caused by the Millers' refusal to comply

with county and court orders.* It was entirely foreseeable to the Millers that their continued failure to conform to the zoning requirements would result in civil and criminal penalties. Once they were cited for a zoning violation, the Millers were in a position to challenge the ordinance in state and federal court. In fact, if any unfairness could occur in this case, it would result from permitting the Millers to challenge the 2001 finding that they were in violation of zoning laws nearly six years after notice of the violation. Accordingly, we find that the continuing violation exception is inapplicable in this case. See id. at 1168 (holding that there was no continuing violation when ordinance's enactment caused the alleged harm, even though the city took later enforcement action).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

*The Millers attempt to show that the unconstitutional actions of the Defendants are still continuing by filing documents about current state proceedings with their appeal. However, these documents were not before the district court, and we previously denied the Millers' motion for leave to file attachments.

- 6 -