# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

James J. Gregory, Jr.,
Guardian and Conservator of
Marguerite Wilson Gregory,
an incapacitated person

v.

Sunrise Senior Living, Inc., et al.

July 28, 2010

Case No. CL 10-0552

BY JUDGE WILLIAM R. O'BRIEN

Plaintiff James Gregory, Guardian and Conservator of Marguerite Gregory, has filed this suit against three corporate Defendants concerning residential placement at a nursing home in Virginia Beach. The nursing home, Defendant Sunrise Virginia Beach Estates (Sunrise VB), is owned by Defendant Sunrise Senior Living (Sunrise SL) and managed by Defendant Sunrise Senior Living Management (Sunrise SLM). Ms. Gregory resided at Defendant Sunrise VB. Plaintiff alleges that Ms. Gregory was entitled to a private room under her agreement with Defendant Sunrise VB. On September 11, 2008, Plaintiff discovered that Ms. Wilson had been moved to a semi-private room without the permission of Plaintiff and in violation of the parties' agreement. Defendants charged the new tenant of the private room a higher rate, and Plaintiff seeks equitable relief in the form of those profits. Plaintiff alleges causes of action for: (1) violation of agreement; (2) breach of duties under Va. Code § 32.1-138; and (3) violation of the Virginia Consumer Protection Act.

Defendant Sunrise SL filed a plea in bar and motion to dismiss on the basis that it is neither a contracting nor responsible party in this case.

Defendant Sunrise SLM and Defendant Sunrise VB filed a Demurrer to all three counts. At a hearing on June 11, 2010, the Court sustained the Demurrer to Count 1 (violation of agreement) as to Defendant SL, but overruled the Demurrer as to the other two Defendants. The Court took the remaining issues under advisement and the parties have submitted additional authority regarding the Demurrer to Counts II (violation of § 32.1-138) and III (violation of the Virginia Consumer Protection Act (VCPA)).

"A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226 (2001). The complaint must allege "sufficient facts to constitute a foundation in law for the judgment sought, and not merely conclusions of law. To survive a challenge by demurrer, a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment. In other words, despite the liberality of presentation which the court will indulge, the motion must state a cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385 (2008).

"A demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusions of law." *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97, 102 (2001) (internal citation omitted).

Defendants demur to Count II on the grounds that Va. Code § 32.1-138 provides neither a separate and independent cause of action nor a basis for actionable negligence or negligence *per se*. As to Count III, Defendants argue that there is no allegation of fraud, which is "incidental and necessary" to a cause of action under the VCPA. *See Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 711 (2001).

*Count II: Va. Code § 32.1-138*

Va. Code § 32.1-138(A)(10) provides that nursing homes must promulgate rules and procedures to ensure that patients are "treated with consideration, respect, and full recognition of [their] dignity and individuality. . . ." Plaintiffs argue that Defendants have violated this Code Section, but Defendants argue that § 32.1-138 sets out minimum levels of care that do not create a private cause of action.

At least one circuit court has held that Va. Code § 32.1-138 does not create a private cause of action, *see Conner v. Beverly Healthcare*, 2002 Va. Cir. LEXIS 97 at *3 (Cir. Ct. of Buena Vista, May 6, 2002), but Plaintiff argues that the Virginia Supreme Court, in *Perdieu v. Blackstone Family Practice Ctr., Inc.*, 264 Va. 408 (2002), implicitly "approved an action under this statute." In *Perdieu*, the plaintiff repeatedly fell at a nursing home,

ultimately requiring surgery on a fractured hip. *Id.* at 411-12. The plaintiff alleged four causes of action, but the only issue before the Virginia Supreme Court related to the medical malpractice action and expert testimony. *Id.* at 418-19. The *Perdieu* Court did not address the issue of whether § 32.1-138 creates a private right of action. The *Perdieu* opinion also does not clarify whether the cause of action under § 32.1-138 alleged a private cause of action or alleged negligence *per se*. The Supreme Court of Virginia has addressed the general issue of negligence *per se*. "In order for the violation of a statute or ordinance to constitute actionable negligence, the injured person must have been of that class for whose benefit or protection the law was enacted, and the negligence complained of must be the proximate cause of the injury." *Smith v. Virginia Transit Co.*, 206 Va. 951, 957 (1966). Although "a statute may define the standard of care to be exercised where there is an underlying common-law duty . . . the doctrine of negligence *per se* does not create a cause of action where none otherwise exists." *Williamson v. Old Brogue, Inc.*, 232 Va. 350, 355 (1986).

A Richmond Circuit Court struck the appropriate balance between the private cause of action and negligence *per se* regarding hospitals, holding that Code sections addressing the Rules and Regulations for Licensure of Hospitals do not create a private cause of action, although they may "be evidence as to the appropriate standard of care to be provided by the defendants." *Stevens v. Hospital Auth. of Petersburg*, 42 Va. Cir. 321, 329 (1997). Similarly, in this case, there is no evidence that the Legislature intended to create a private right of action under § 32.1-138. Looking at the Complaint, however, Plaintiff merely alleges that Defendants "violated their duty under Va. Code § 32.1-138 to treat Marguerite Wilson Gregory with consideration, respect, and full recognition of her dignity and individuality." The *Stevens* Court understood the complaint to allege ordinary or gross negligence based on the rules cited. *Id.*, at 329-30. Here, the Court is unable to discern whether Plaintiff is pleading negligence *per se* or asking the Court to recognize a private right of action under Va. Code § 32.1-138. The Demurrer therefore is sustained. Plaintiff is granted leave to amend to allege negligence *per se*.

Defendants also argue that Plaintiff refers to them in the Complaint as an Assisted Living Facility, which is not the same as a Nursing Home, and therefore § 32.1-138 does not apply to it. An Assisted Living Facility is defined in Va. Code § 63.2-100.

> "*Assisted living facility*" means any congregate residential setting that provides or coordinates personal and health care services, 24-hour supervision, and assistance (scheduled and unscheduled) for the maintenance or care of four or more adults who are aged, infirm, or disabled and who are cared for in a primarily residential setting, except (i) a facility or portion

of a facility licensed by the State Board of Health or the Department of Behavioral Health and Developmental Services, but including any portion of such facility not so licensed; (ii) the home or residence of an individual who cares for or maintains only persons related to him by blood or marriage; (iii) a facility or portion of a facility serving infirm or disabled persons between the ages of 18 and 21, or 22 if enrolled in an educational program for the handicapped pursuant to § 22.1-214, when such facility is licensed by the Department as a children's residential facility under Chapter 17 (§ 63.2-1700 et seq.) of this title, but including any portion of the facility not so licensed; and (iv) any housing project for persons 62 years of age or older or the disabled that provides no more than basic coordination of care services and is funded by the U.S. Department of Housing and Urban Development, by the U.S. Department of Agriculture, or by the Virginia Housing Development Authority. Included in this definition are any two or more places, establishments, or institutions owned or operated by a single entity and providing maintenance or care to a combined total of four or more aged, infirm, or disabled adults. Maintenance or care means the protection, general supervision, and oversight of the physical and mental well-being of an aged, infirm, or disabled individual.

That Code Section, found under the General Provisions for Welfare (Social Services), does not define a Nursing Home. A Nursing Home is defined under § 32.1-123.

"*Nursing home*" means any facility or any identifiable component of any facility licensed pursuant to this article in which the primary function is the provision, on a continuing basis, of nursing services and health-related services for the treatment and inpatient care of two or more nonrelated individuals, including facilities known by varying nomenclature or designation such as convalescent homes, skilled nursing facilities, or skilled care facilities, intermediate care facilities, extended care facilities, and nursing or nursing care facilities.

The Court is unable to conclude that these two definitions are mutually exclusive. Unless Defendants can prove that they are not "licensed pursuant to [§ 32.1-123 et seq.]," they remain subject to § 32.1-138 despite Plaintiff's labeling them as an assisted living facility.

## Count III: Virginia Consumer Protection Act

Plaintiff alleges in Count III that "defendants misrepresented the service they were to provide to Marguerite Wilson Gregory, defendants used fraud, and defendants used false pretenses, all in connection with a consumer transaction." To state a sufficient cause of action under the VCPA in connection with fraud, Plaintiff must also state sufficient facts to support a cause of action for common law fraud. *Lambert v. Downtown Garage*, 262 Va. 707, 718 (2001) ("[A] violation of the Act founded upon the nondisclosure of a material fact also requires evidence of a knowing and deliberate decision not to disclose the fact."). Defendants argue that the Complaint is insufficient with regard to an allegation of fraud, because a misrepresentation concerning the "service they *were* to provide" is not a misrepresentation of an existing fact, but an expression of an alleged duty under the contract.

Plaintiff points to a 1997 Virginia circuit court decision overruling a demurrer in a case alleging fraud under the VCPA without a separate fraud allegation. *Patten v. Chrysler Corp.*, 41 Va. Cir. 473 (1997). Four years later in *Lambert*, however, the Virginia Supreme Court clarified that, where an alleged violation of the VCPA is based on fraud, "a misrepresentation of fact is a necessary element of proof to. . . . [a] claim for a violation of the Consumer Protection Act." *Lambert*, 262 Va. at 711. *Patten* is nonbinding (and questionable) authority, and Plaintiff, therefore, must allege sufficient facts to state a cause of action for fraud. A proper allegation of actual fraud consists of six elements: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (quoting *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85 (1999)). The allegation in Count III falls short of these six elements. The Demurrer to Count III is sustained. Plaintiff is granted leave to amend.

In summary, the Demurrer to Count I is sustained as to Defendant Sunrise SL and overruled as to Defendant VB and Defendant SLM. The Demurrer is sustained as to Counts II and III. Plaintiff has twenty-one days to file an Amended Complaint.