Present:  All the Justices

INOVA HEALTH CARE SERVICES,
d/b/a INOVA FAIRFAX HOSPITAL, ET AL.

v.  Record No. 112070    OPINION BY JUSTICE DONALD W. LEMONS
                                    September 14, 2012
ADEL S. KEBAISH, M.D.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Jan L. Brodie, Judge

     In this appeal, we consider whether the Circuit Court of

Fairfax County erred in allowing the plaintiff to take a

nonsuit as a matter of right pursuant to Code § 8.01-380(B)

based on its determination that the plaintiff's prior voluntary

dismissal in federal court was not a nonsuit under Code § 8.01-

380.

                    I. Facts and Proceedings Below

     Adel S. Kebaish ("Dr. Kebaish"), a private practice

orthopedic/spine surgeon, entered into a Professional Services

Agreement (the "Agreement") with INOVA Fairfax Hospital to

provide "on-call" trauma services on a "non-exclusive basis."

Pursuant to the Agreement, both parties had the express right

to terminate the Agreement without cause upon ninety days

written notice.  INOVA Fairfax Hospital exercised this right in

November 2009.

     In June 2010, Dr. Kebaish filed a complaint (the

"complaint") in the Circuit Court of Fairfax County against

INOVA Health Care Services d/b/a INOVA Fairfax Hospital; Mark

M. Theiss, M.D. ("Theiss"); Robert A. Hymes, M.D. ("Hymes"); Cary C. Schwartzbach, M.D. ("Schwartzbach"); Jeffrey E. Schulman, M.D. ("Schulman"); Alireza S. Malekzadeh, M.D. ("Malekzadeh"); L. Reuven Pasternak, M.D. ("Pasternak"); Patrick L. Christiansen, Ph.D. ("Christiansen"); Elizabeth Davies, P.A. ("Davies"); Ryan D. Westbrook, P.A. ("Westbrook"); Katherine Brown, P.A.; Emily L. Cusimano, P.A. ("Cusimano"); John Paik, M.D.[1]; and Scott B. Shawen, M.D. ("Shawen"). Specifically, Dr. Kebaish's nine-count complaint alleged:

Count I     – defamation and defamation per se;

Count II    – breach of contract;

Count III   – tortious interference with existing contract and/or business relationships and business expectancy;

Count IV    – common law conspiracy;

Count V     – statutory conspiracy to injure Dr. Kebaish in violation of Code §§ 18.2-499 and -500;

Count VI    – wrongful termination in violation of the Virginia Consumer Protection Act;

Count VII   – wrongful termination in violation of the Virginia Antitrust Act;

Count VIII  – wrongful termination in violation of the Virginia Fraud Against Taxpayers Act; and

Count IX    – unjust enrichment.

---

[1] Dr. Kebaish's complaint incorrectly referred to Haines Paik ("Paik") as "John Paik."

Dr. Kebaish sought $35 million in compensatory damages as well as punitive damages, attorneys' fees, expert witness' fees, and other costs.

Paik and Shawen, both officers in the United States Army and named defendants in the complaint, were alleged by Dr. Kebaish to have acted in their respective individual capacities and outside the scope of their respective employments. As a result, the case was removed on behalf of the United States of America by the United States Attorney to the United States District Court for the Eastern District of Virginia ("federal court"). The United States Attorney submitted certifications stating that Paik and Shawen were "acting within the scope of [their respective] office[s] or employment[s] as . . . employee[s] of the United States of America at the time of the incidents out of which [Dr. Kebaish's] claims arise."

Thereafter, the federal court entered a consent order granting Dr. Kebaish leave to file an amended complaint relating back to the original filing date in the Circuit Court of Fairfax County. In August 2010, Dr. Kebaish filed his amended complaint in federal court against INOVA Health Care Services d/b/a INOVA Fairfax Hospital, Theiss, Hymes, Schwartzbach, Schulman, Malekzadeh,[2] Pasternak, Christiansen,

---

[2] This defendant's last name was spelled "Malekzadah" in the amended complaint.

3

Davies, Westbrook, Kathryn Battle,[3] and Cusimano (collectively, "INOVA" or the "Defendants"). The amended complaint did not name Paik or Shawen as parties; contained the same nine counts alleged in the initial complaint filed in the trial court, as well as a new tenth count for negligent retention; and sought to recover the same damages as requested in the initial complaint.

In September 2010, Dr. Kebaish filed a "Notice of Voluntary Dismissal" in the federal court prior to INOVA filing an answer to the amended complaint. Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) ("Federal Rule 41(a)(1)(A)(i)"), Dr. Kebaish voluntarily dismissed his lawsuit without prejudice.

Dr. Kebaish then filed a complaint against INOVA in the Circuit Court of Fairfax County ("trial court") in October 2010. In response, INOVA filed a demurrer, which was sustained in part and overruled in part in December 2010.

Thereafter, Dr. Kebaish filed an amended complaint in the trial court in January 2011, in which he named the same defendants as had been named in the amended complaint filed in

---

[3] In the consent order entered by the federal court, "[t]he parties also agree[d] to the substitution of Kathryn Battle for named Defendant Katherine Brown, which corrects a misspelling of Ms. Battle's first name and reflects Ms. Battle's legal, married name."

the federal court in August 2010.[4]  Specifically, the six-count amended complaint alleged:[5]

Count I    – defamation and defamation per se against all of the Defendants;

Count II   – breach of contract against INOVA Fairfax Hospital;

Count III  – tortious interference with existing contract and/or business relationships and business expectancy against all of the Defendants;

Count IV   – common law conspiracy against all of the Defendants;

Count V    – statutory conspiracy to injure Dr. Kebaish against all of the Defendants; and

Count VI   – unjust enrichment against INOVA Fairfax Hospital.

Dr. Kebaish sought $35 million in compensatory damages as well as punitive damages.  Additionally, he sought reimbursement of his attorneys' fees, expert witness' fees, and other costs.

The case proceeded to a jury trial in September 2011, and Dr. Kebaish informed the trial court on the second day of trial that he had "elected to use [his] nonsuit" because he "ha[d]

---

[4] The amended complaint filed in the trial court was the operative complaint at the time the trial court granted Dr. Kebaish's motion for a voluntary nonsuit pursuant to Code § 8.01-380.

[5] The amended complaint did not allege wrongful termination under the Virginia Consumer Protection Act, the Virginia Antitrust Act, or the Virginia Fraud Against Taxpayers Act. Moreover, the amended complaint did not allege a claim for negligent retention.

not nonsuited previously." INOVA objected, arguing to the trial court that this Court stated in dicta in Welding, Inc. v. Bland County Service Authority, 261 Va. 218, 223-24, 541 S.E.2d 909, 912 (2001), that a voluntary dismissal under Rule 41(a)(1)(A)(i) in federal court is equivalent to a nonsuit under Code § 8.01-380(B). Therefore, INOVA argued, Dr. Kebaish had already effectively taken a nonsuit based on his voluntary dismissal of his action in federal court.

The trial court overruled INOVA's objection, concluding that neither Welding nor Code § 8.01-380 provides that a voluntary dismissal taken in federal court bars a future nonsuit in state court. Consequently, the trial court permitted Dr. Kebaish to take a nonsuit as a matter of right pursuant to Code § 8.01-380(B).

INOVA timely filed its petition for appeal, and we granted INOVA's appeal on the following assignment of error:

> The trial court erred when it ruled that Virginia's nonsuit statute, Va. Code § 8.01-380(B), required it to grant [Dr. Kebaish's] motion for nonsuit as a matter of right based on its determination that Respondent's prior voluntary dismissal of his cause of action in federal court was not a nonsuit under the statute.

## II. Analysis

### A. Standard of Review

Well-settled principles of statutory review guide our analysis in this case.

6

[A]n issue of statutory interpretation is a pure question of law which we review de novo. When the language of a statute is unambiguous, we are bound by the plain meaning of that language. Furthermore, we must give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity. If a statute is subject to more than one interpretation, we must apply the interpretation that will carry out the legislative intent behind the statute.

Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007) (citations omitted).

### B.  Code § 8.01-380(B)

The Virginia General Assembly enacted the first nonsuit statute in 1789, which applied only to actions at law tried by a jury. See 1789 Acts ch. 28. Section 10 of "An ACT concerning Jeofails and certain Proceedings in civil Cases" provided that "[e]very person desirous of suffering a nonsuit on trial, shall be barred therefrom, unless he do so before the jury retire from the bar." Id.

The statute remained substantially similar until it was amended (then codified as Code § 6256) in 1932 to provide:

A party shall not be allowed to suffer a non-suit, unless he do so before the jury retire from the bar. And after a non-suit no new proceeding on the same cause of action shall be had in any court other than that in which the non-suit was taken, unless that court is without jurisdiction, or not a proper venue, or other good cause be shown for proceeding in another court.

1932 Acts ch. 30.

7

Thereafter, in 1954, the first sentence of the statute (then codified as Code § 8-220) was amended as follows:

> A party shall not be allowed to suffer a nonsuit unless he do so before the jury retire from the bar or before the suit or action has been submitted to the court for decision or before a motion to strike the evidence has been sustained by the court.

1954 Acts ch. 333 (emphasis added).

By including the word "suit" in the 1954 amendment, "the General Assembly changed the existing equity general rule and provided for a voluntary dismissal as a matter of right only up to the time the suit had been 'submitted' to the chancellor for decision." Moore v. Moore, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978). Accordingly, "in a nonjury trial, at law or in equity . . . a nonsuit or dismissal without prejudice may not occur as a matter of right after the 'suit or action has been submitted to the court for decision.' " Id. (quoting former Code § 8-220 (Supp. 1954)). We have previously recognized that the General Assembly, in adopting the 1954 amendment, "intended the statutory term 'nonsuit' to be used in a comprehensive sense (i.e., voluntary termination by the plaintiff of pending litigation not precluding a later lawsuit upon the same cause of action), whether it be a nonsuit at law or a dismissal without prejudice in equity." Id. at 795 n.4, 240 S.E.2d at 538 n.4. "This same comprehensive interpretation of the term

8

[nonsuit] has been carried forward to the new nonsuit statute."
Id. See also Code § 8.01-380.

In Virginia, a plaintiff may take one nonsuit as a matter of right. Code § 8.01-380(B). Code § 8.01-380(B) states, in relevant part, that "[o]nly one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right." This right must be exercised "before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(A). By contrast, a plaintiff in federal court may take a voluntary dismissal as a matter of right pursuant to Federal Rule 41(a)(1)(A)(i) "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i).

In discussing the benefit conferred upon a plaintiff in taking a nonsuit as a matter of right pursuant to Code § 8.01-380(B), we have previously stated:

> The right to take a nonsuit on the eve of trial, notwithstanding a defendant's loss of time and expense incurred in preparation, and notwithstanding any disruption which may result to the court's docket, is a powerful tactical weapon in the hands of a plaintiff. The General Assembly has provided, in Code § 8.01-380, several conditions to give balance to the exercise of that right. Nonsuit remains, however, distinctly a weapon in the arsenal of a plaintiff.

9

*Trout v. Commonwealth Transp. Comm'r of Va.*, 241 Va. 69, 73, 400 S.E.2d 172, 174 (1991).  By contrast, in discussing the purpose of a voluntary dismissal, the United States Court of Appeals for the Third Circuit stated that:

> [w]hile it is quite true that <u>the practice in many states has permitted a voluntary non-suit as of right at advanced stages in the litigation</u>, sometimes even after submission of a case to a jury, <u>we think the object of the federal rules was to get rid of just this situation and put control of the matter into the hands of the trial judge</u>.

*Ockert v. Union Barge Line Corp.*, 190 F.2d 303, 304 (3d Cir. 1951) (emphasis added).

Although a voluntary dismissal and a nonsuit provide a plaintiff with a similar procedural right, the exercise of that right varies significantly.  <u>Compare</u> Fed. R. Civ. P. 41(a)(1)(A)(i), <u>with</u> Code § 8.01-380(B).  In federal procedure, a voluntary dismissal as a matter of right is available only if exercised at the outset of the proceeding; whereas, use of a nonsuit under Code § 8.01-380(A) may be exercised much later in the proceeding – even at trial.  Accordingly, the right to take a nonsuit pursuant to Code § 8.01-380(B) in a Virginia state court is much more expansive than the right to a voluntary dismissal pursuant to Federal Rule 41(a)(1)(A)(i) in federal court.

Code § 8.01-380 does not address what impact, if any, a plaintiff's prior voluntary dismissal in federal court may have on that plaintiff's right to take a nonsuit as a matter of right. INOVA contends that Dr. Kebaish is barred from taking a nonsuit as a matter of right pursuant to Code § 8.01-380 due to his prior voluntary dismissal in federal court. INOVA argues that Code § 8.01-229(E)(3) "calls for a [voluntary] dismissal in federal court to be treated as 'a voluntary nonsuit prescribed in § 8.01-380.' "

Code § 8.01-229(E)(3) provides that:

If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

Code § 8.01-229(E)(3) does not confirm or suggest that a voluntary dismissal taken pursuant to Federal Rule 41(a)(1)(A)(i) is a nonsuit for purposes of Code § 8.01-380. Rather, the plain language of Code § 8.01-229(E)(3) demonstrates that the reference to actions originally filed in

11

federal court applies only to the application of the tolling provision. Code § 8.01-229(E)(3).

Additionally, INOVA argues that our decision in Welding bars Dr. Kebaish from taking a nonsuit as a matter of right because of his prior voluntary dismissal in federal court. However, "[t]he term 'nonsuit' identifies a specific practice used in Virginia civil procedure." Welding, 261 Va. at 223-24, 541 S.E.2d at 912. Although we previously stated that "[f]ederal court practice does not include a procedure labeled a 'nonsuit,' but does recognize procedures which are substantially equivalent to Virginia's nonsuit," this observation does not resolve the question presented here. Id. at 224, 541 S.E.2d at 912. See also Fed. R. Civ. P. 41. A nonsuit is only the functional equivalent to a voluntary dismissal to the extent that both a nonsuit and a voluntary dismissal provide a plaintiff with a method to voluntarily dismiss the suit up until a specified time in the proceeding.

### III. Conclusion

We hold that the trial court did not err in finding that Dr. Kebaish was permitted to take a nonsuit as a matter of right pursuant to Code § 8.01-380(B). Accordingly, we will affirm the judgment of the trial court.

Affirmed.

12