# CIRCUIT COURT OF LOUDOUN COUNTY

Patricia L. Bennett et al.

v.

Loudoun Valley Home
Owners' Association et al.

July 30, 2007

Case No. CL-00042301

BY JUDGE THOMAS D. HORNE

This matter is before the Court on the demurrers and Plea in Bar to the Third Amended Complaint filed by the Plaintiffs, Patricia L. Bennett and Potharaju Lakshminarayana. Additionally, defendants request an award of sanctions pursuant to Va. Code Ann. § 8.01-271.1.

Plaintiffs are homeowners in the community of Loudoun Valley Estates located in Ashburn, Loudoun County, Virginia. Defendants in this action are the Loudoun Valley Estates Home Owners Association and Seraz and Sabuhi Khan. The Khans are neighbors of the plaintiffs in Loudoun Valley Estates and have erected a fence that the plaintiffs find objectionable. It is alleged that the Board has approved, and the Khans have erected, the fence in violation of the recorded Declaration of the Loudoun Valley Estate Community. In particular, plaintiffs contend they are entitled to relief from the unlawful actions taken by defendants, and in so doing, rely upon the provisions of Va. Code Ann. §§ 8.01-184, 8.01-620, 13.1-828, 55-515.

With respect to compliance with the terms of the Declaration, the General Assembly has provided that:

> [e]very lot owner, and all those entitled to occupy a lot shall comply with the provision of this chapter (Chapter 26 of Title 55) and all provisions of the declaration. Any lack of such compliance

shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the association, or by its executive organ or any managing agent on behalf of such association, *or in any proper case*, by one or more *aggrieved* lot owners on their own behalf or as a class action.

Va. Code Ann. § 55-515 (emphasis added).

Defendant Association correctly observes that the plaintiffs may not assert a cause against it pursuant to the provisions of Va. Code Ann. § 55-515, in that, in so far as the instant complaint, it is not a lot owner or one entitled to occupy a lot. However, that does not end the inquiry of standing relative to the complaint. Plaintiffs challenge the erection of the fence based upon the rights afforded them under the Declaration. It is readily conceded that the Declaration is a contract. Accordingly, to the extent the Plaintiffs would otherwise be entitled to relief, they have standing. *Westlake Properties v. Westlake Pointe Ass'n*, 273 Va. 107, 120 (2007).

Plaintiffs contend that they are aggrieved by the actions of the Board of the Association and of the individual defendants and are entitled to declaratory and injunctive relief as well as the payment of costs. The complaint is predicated on five theories of recovery: the unlawful approval of the fence by the Association in violation of the recorded Declaration; inequitable enforcement by the Board in the application of the Design Guidelines in violation of the "fairness" provision of the Declaration; a failure to give prior notice of the Board action in accordance with the contractual due process provision of the Declaration; various *ultra vires* actions of the Board in approving the fence in contravention of the powers granted by the Declaration; and a breach of contract based upon the alleged lack conformity of the approved fence with the goals relating to the aesthetic and qualities of the community set forth in the Declaration.

In considering the demurrers, the Court will afford to the pleadings the deference required by law and the admonition of our Supreme Court concerning the short-circuiting of the litigation process.

This controversy does not involve the use of common ground or the assertion that the plaintiffs have a protected property right in the individual defendants' lot in the Loudoun Valley Estate Community. Instead, plaintiffs seek review of the decision of the Board that, it is suggested, has been made in violation of the express terms of the Declaration. In so far as the individual defendants are concerned, the harm allegedly suffered by the plaintiffs is one shared by others in the Community. Thus, should the plaintiffs fail in their

pursuit of the action against the Board, the pendant action against the individual lot owners must fail. In summary, the instant alleged transgressions involve the nature of a decision made within the context of authority expressly delegated to the Board by the contract documents.

The Declaration expressly provides that:

[T]hat neither the Board of Directors nor Covenants Committee has the right or power, either by action or failure to act, to waive enforcement or grant variances or exceptions from written Design Guidelines without a specific finding stating the variance or exception in a written instrument which shall be part of the records of the Association. Upon such a written approval of any specific variance or exception from the requirements of the Design Guidelines, all development conforming to such variance or exception shall be deemed to comply.

In the instant case, the Guidelines provide that, "[n]o fences extending forward of the rear plane of the house" are permitted in Loudoun Valley Estates. Through the approval of a variance, the Khans were granted a variance to erect their fence forward of the rear plane of the house. However, the parties do not agree that the variance was granted in accordance with the express terms of the Declaration. Specifically, that the variance was granted upon, "a specific finding stating the variance or exception in a written instrument which shall be part of the records of the Association." The Board, in ensuring compliance with this command, would establish precedent for future applicants asserting "equitable treatment" in the review of their proposals.

It has been held that property rights protected by formative contract documents may trump future attempts to modify such rights by corporate boards vested with the express power to make administrative decisions for those they represent. *Sully Station II Cmty. Ass'n, Inc. v. Dye*, 259 Va. 282 (2000); *White v. Boundary Association, Inc.*, 271 Va. 50 (2006). No such property rights are implicated in this case.

In the instant case, the Court, provided the Board has acted in accordance with the power granted to it to vary the application of the Design Guidelines, does not believe the instant case sufficient to withstand demurrer.

Courts are reticent to review directors' decisions made in accordance with the law and its corporate powers. In accordance with the "business judgment rule," directors' decision must be a "business judgment" as opposed

to one requiring the board to construe and statute or corporate bylaw. Va. Code Ann. § 13.1-870(A); *Gottlieb v. Economy Stores*, 199 Va. 848 (1958); *Lake Monticello Owners' Assoc. v. Lake*, 250 Va. 565 (1995).

In the instant case, the power granted the Board by the Declaration to grant variances arises from the provisions of the Guidelines. The exercise of that power is expressly limited to equitable procedures and findings that are made a part of the written records of the Association. As to the merits of the decision, the Court's decision, as to the instant plaintiffs, is limited by the "business judgment" rule, and that decision will not be disturbed unless justified by those discrete facts that are properly pleaded and would justify judicial review. Thus, the Court's review of the underlying merits of the complaint, "[i]s limited in scope and confined to cases of fraud, bad faith, breach of trust, gross mismanagement, or *ultra vires* acts." *Gottlieb v. Economy Stores*, 199 Va. 848, 857 (1958).

The instant pleadings do not plead sufficient facts to justify findings of fraud, bad faith, breach of trust, or gross mismanagement. To the extent the pleadings suggest *ultra vires* actions through the use of procedural defaults, they are sufficient to withstand demurrer.

Although the Court has afforded the plaintiffs several opportunities to amend their pleadings they have failed to plead sufficient facts, but for the discrete issue of these procedural defaults, to overcome the presumption of correctness afforded such decisions. To the extent plaintiffs invite the Court to review the merits of the variance request upon the instant pleadings, it is an invitation the Court declines to accept.

The Court will overrule the demurrer of the defendants to Count 1 (Fence Violation) based upon the allegation that written findings were not made in accordance with the Declaration. Otherwise, plaintiffs fail to plead sufficient facts that would justify judicial review of a variance regularly granted in conformity with the provisions of the Declaration. As to the individual defendants, no action has been pleaded with respect to erection of the fence other than would be dependant upon the Board's failure to approve the variance in accordance with the Declaration. In that the Court has overruled the demurrer for the reason stated, the demurrer of the individual defendants will be overruled.

The fact that the Board by variance permitted the individual defendants a deviation from the Design Guidelines not consistently followed throughout the community, does not, itself justify further judicial scrutiny. While fairness, equitable treatment, and consistency of application may be reasons supporting a need for written findings in this case, they are not claims that the plaintiffs have standing to independently pursue in this case

involving approval by the Board of a third party's request for a variance. The demurrer to Count 2 will be sustained and the count dismissed as to both defendants.

Plaintiffs fail to articulate any "due process" violation of the provisions of the Declaration affecting them. The Court interprets the provision respecting notice not to include the instant plaintiffs. The demurrer is sustained as to Count 3, and it is dismissed as to both defendants.

As noted earlier, a factual issue respecting the compliance with the terms of the Declaration is raised by the pleadings. Specifically, whether the Board made the requisite written findings in granting the variance and, in so doing, utilized equitable procedures. Accordingly, the Count will overrule the demurrer to the *ultra vires* claim contained in Count 4 as to both defendants.

Count 5 asserts a breach of contract. As noted earlier, the breach of contract, if at all, arose from any alleged action of the Board in granting a variance without the requisite written findings and in the application of the procedures used in making those findings. To the extent the count addresses those issues, the demurrer will be overruled as to such claim.

The Court will grant in part and sustain in part demurrers to the Third Amended Complaint as to all defendants and will dismiss the complaint as to those claims to which the demurrer is sustained.

The motion for sanctions is denied with leave to renew such motion at a later time should the defendants be so advised. And the case will be continued.