# CIRCUIT COURT OF FAIRFAX COUNTY

Samir R. Farran
and Maria Farran

v.

Olde Belhaven Towne
Owners' Association

July 8, 2010

Case No. CL-2009-11786

BY JUDGE JONATHAN C. THACHER

This matter comes to the Court on Defendant Olde Belhaven Towne Owners' Association's ("Belhaven") Demurrer. Upon consideration of the pleadings, the arguments of counsel, and the applicable governing authorities, the Court sustains the Demurrer in part and overrules the Demurrer in part.

*Background*

Samir and Maria Farran purchased a parcel of property ("the Property") that is part of the Olde Belhaven Towne Owners' Association ("Belhaven"). Belhaven is incorporated as a Virginia non-stock

corporation. The Property is subject to certain land use rights and restrictions that are set forth in Belhaven's governing documents, which include Articles of Incorporation ("Articles"), Declaration of Covenants, Conditions and Restrictions ("Declaration"), Bylaws ("Bylaws"), and Guidelines of the Architectural Control Committee ("Guidelines").

On February 19, 2009, the Belhaven board of directors ("Board") enacted Resolution No. 2009-1 ("Penalties Resolution") which, among other things, allows the Board to enforce use restrictions by levying fines. According to the Farrans, prior to the adoption of the Penalties Resolution, Belhaven had never fined homeowners in the enforcement of use restrictions. In fact, Article XIII, § 3, of the Declaration only provides for enforcement actions "by any proceeding at law or in equity." Believing the Penalties Resolutions exceeded Belhaven's authority under its governing documents, the Farrans sent several letters to Belhaven throughout April, June, and July 2009 requesting that Belhaven repeal the Penalties Resolutions. The Board refused to do so.

In the midst of protesting Belhaven's enactment of the Penalties Resolution, the Farrans also submitted a request to Belhaven for approval to build a new roof and deck for their home. Pursuant to Article IX, § 1, of the Bylaws and Article VIII of the Declaration, Belhaven has appointed an Architectural Control Committee ("Committee"). Article VIII of the Declaration specifically states that no structure may be built without approval "by the Board of Directors of the Association or by an architectural committee." If the Committee denies an architectural request, such as the one made by the Farrans, a member of Belhaven can appeal that decision to the Board pursuant to Guideline 11. On July 15, 2009, the Board denied the Farrans' request, even though the Committee had taken no action on the request. The Farrans contend that Belhaven's Board only has appellate authority to review the determination of the Committee; therefore, its actions were *ultra vires* and arbitrary.

The Farrans filed a two-count Complaint against Belhaven seeking a Declaratory Judgment and Injunction under Va. Code § 13.1-828. The Farrans allege that Belhaven exceeded its authority by enacting the Penalties Resolution and by denying the Farran's architectural request.

*Analysis*

A demurrer tests the legal sufficiency of a pleading and should be sustained if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action. Va. Code Ann. § 8.01-273;

*Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 914 (2001). A party's pleading must set forth specific facts constituting a "foundation in law" for the judgment sought, and not merely conclusions of law. *Kitchen v. City of Newport News*, 275 Va. 378, 385, 657 S.E.2d 132, 136 (2008). Moreover, the court must admit as true all of the material facts properly alleged, as well as those that may be fairly and justly inferred from those facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652 (1991). When, as in this case, a demurrant's motion craving oyer has been granted, the court in ruling on demurrer may consider the facts alleged as amplified by any written attachment added to the record on the motion. *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 398, 337 S.E.2d 744, 746 (1985).

A. *Penalties Resolution*

The Farrans claim that Belhaven's enactment of the Penalties Resolution was *ultra vires*. An *ultra vires* act is an act "beyond the scope of power allowed or granted by a corporate charter or by law." *Black's Law Dictionary* (8th ed. 2004). The *ultra vires* doctrine applies to corporate entities such as property owners' associations. *See Bennett v. Loudoun Valley Home Owners' Ass'n*, 73 Va. Cir. 466 (Loudoun County 2007) (overruling a demurrer to plaintiff's claim that defendant's acts were *ultra vires*). Furthermore, Va. Code § 13.1-828 specifically allows a member of a non-stock corporation to challenge an action of the corporation as *ultra vires*.

Belhaven contends that Va. Code § 55-513(B) of the Property Owner's Association Act ("POAA") expressly authorizes Belhaven to impose fines such as those included in the Penalties Resolution. Va. Code § 55-513(B) provides in pertinent part:

> The board of directors shall also have the power, to the extent the declaration or rules and regulations duly adopted pursuant thereto expressly so provide, to ... assess charges against any member for any violation of the declaration or rules and regulations for which the member or his family members, tenants, guests, or other invitees are responsible.

The Farrans argue that the POAA does not grant Belhaven the plenary authority it claims.

In their initial brief, the Farrans also claimed that the POAA did not apply to Belhaven because Va. Code. § 55-508(A) states that the POAA "shall not be construed to affect the validity of any provision of any prior declaration; however, to the extent the declaration is silent, the provisions of this chapter shall apply." The Farrans asserted that, because the Declaration is not silent as to enforcement, the POAA did not apply. In their supplemental brief, the Farrans state that there is no dispute that the POAA applies to Belhaven. As the Farrans no longer dispute the applicability of the POAA, the Court will not address that argument.

Instead, the Farrans contend that this clause limits a board of directors' authority to impose fines; specifically, a board of directors cannot impose fines unless an association's declaration expressly authorizes such action. The Farrans point to Article XIII, § 3, of the Declaration and argue that the sole method to enforce the provisions of the Declaration or other rules and regulations is through a lawsuit.

Belhaven claims that the Farrans misconstrue the clause in Va. Code § 55-513(B) because they ignore the conjunction "or." Belhaven asserts that Va. Code § 55-513(B) creates two instances under which an association can impose fines. An association can impose fines (1) to the extent the declaration expressly provides for imposition of fines, or (2) to the extent rules and regulations duly adopted pursuant to the declaration provides for imposition of fines. Belhaven contends that this case falls into the second category because, pursuant to Article IX, § 1, of the Declaration, the Board has the power to formulate, publish, and enforce rules and regulations. According to Belhaven, the Penalties Resolution was enacted pursuant to that power.

Property owners' associations and their members must abide by the corporation's governing documents. *Virginia High Sch. League v. J. J. Kelly High Sch.*, 254 Va. 528, 531, 493 S.E.2d 362, 364 (1997). The governing documents constitute a contract collectively entered into by all the owners in the association. *White v. Boundary Ass'n, Inc.*, 271 Va. 50, 55, 624 S.E.2d 5, 8 (2006). As such, effect must be given to the intention of the parties. *Foti v. Cook*, 220 Va. 800, 805, 263 S.E.2d 430, 433 (1980). Importantly, under the principle of *expressio unius est exclusio alterius*, the omission of a particular covenant or term from a contract reduced to writing shows an intent to exclude it. *First Nat'l Bank v. Roy N. Ford Co.*, 219 Va. 942, 946, 252 S.E.2d 354, 357 (1979).

Although Va. Code § 55-513(B) does grant property owners' associations authority to impose fines in certain circumstances, that authority is limited to situations where an association's declaration

expressly allows it to impose fines or its declaration expressly allows it to adopt rules or regulations which impose fines. Neither situation applies here. In this case, the omission of a provision allowing Belhaven to impose fines as a method of enforcement shows an intent to exclude. Article XIII, § 3, of the Declaration provides the only methods of enforcement, a proceeding at law or in equity. Nothing in Va. Code § 55-513(B) gives Belhaven authority to exceed the power granted to it in its governing documents. As a result, the Court concludes that the Farrans have sufficiently pleaded that Belhaven's enactment of the Penalties Resolution was *ultra vires*. The demurrer is overruled as to the Penalties Resolution.

## B. *Architectural Request*

The Farrans also claim that Belhaven's denial of their architectural request was *ultra vires*. Specifically, the Farrans claim that Belhaven acted without authority when it denied their architectural request because Belhaven's governing documents mandated the creation of the Committee, gave the Committee authority to review and approve such requests, and gave the Board appellate review over the Committee's decisions denying any request. Belhaven claims that nothing in governing documents gives the Committee exclusive jurisdiction to approve architectural requests. In fact, Article VIII of the Declaration specifically states that no structure may be built without approval of the Board or the Committee. Belhaven further contends that Guideline 11, which provides that appeals from a decision of the Committee must be submitted to the Board, does not prohibit the Board from approving or denying requests pursuant to Article VIII of the Declaration.

Once again, property owners' associations and their members are contractually obligated to abide by the association's governing documents. *White*, 271 Va. at 55, 624 S.E.2d at 8; *Virginia High Sch. League*, 254 Va. at 531, 493 S.E.2d at 364. When the meaning of language in a contract is clear and unambiguous, as it is here, the contract needs no interpretation, and "the intention of the parties must be determined from what they actually say and not from what it may be supposed they intended to say." *Carter v. Carter*, 202 Va. 892, 896, 121 S.E.2d 482, 485 (1961).

The language in Article VIII of the Declaration is clear. Either the Board or the Committee may approve architectural requests. The Farrans argue that this reading of the Declaration renders Article IX, § 1, of the Bylaws meaningless and that allowing both the Board and the Committee to approve requests renders Guideline 11 meaningless. The Court

disagrees. First, the Farrans' argument is resolved by Article XIII, § 9, of the Declaration, which states, if there is any conflict between the Declaration and the Bylaws, the "Declaration shall control, rule and take precedent over the By-Laws." Second, the Court finds that there is no conflict between the documents. Granting both the Board and the Committee authority to approve architectural requests does not render the Guideline meaningless; rather, it simply creates a system of concurrent jurisdiction. Such a system of concurrent jurisdiction is hardly difficult to comprehend in Virginia. Indeed, the courts of the Commonwealth often have concurrent subject-matter jurisdiction.

Admitting as true all of the material facts alleged in the Farrans' Complaint and the attached governing documents of Belhaven, the Court finds that the Farrans have failed to sufficiently plead that Belhaven's denial of their architectural request was *ultra vires*. The demurrer is sustained as to this claim.

## Conclusion

The Demurrer is overruled with respect to the Penalties Resolution and is sustained with respect to Farrans' claim that Belhaven's denial of their architectural request was *ultra vires*. The Farrans may amend their complaint within twenty-one days.