**10-1137-cv (L)**
**Casey v. Merck & Co., Inc.**

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2010

Submitted: January 27, 2011
Final Submission: February 16, 2011
Decided: August 5, 2011

Docket Nos. 10-1137-cv(L), 10-1196-cv (Con), 10-1150-cv (Con); 10-1149-cv (Con)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOHN CASEY, INDIVIDUALLY AS ADMINISTRATOR OF THE ESTATE OF ORA
CASEY, REBECCA QUARLES, ROBERT SCHNURR, DOROTHY C. DELORIEA,
ROBERTA BRODIN, THOMAS BRODIN

Plaintiffs-Appellants,

v.

MERCK & CO., INC.

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: SACK, LIVINGSTON, and LOHIER, Circuit Judges.

Appeal from a decision of the United States District Court for the Southern District of New York (Keenan, J.), concluding that the plaintiffs' product liability claims, brought under Virginia law, were not tolled by the pendency of a putative federal class action that raised identical claims, and dismissing the plaintiffs' claims as time-barred. We conclude that the availability of "cross-jurisdictional tolling" in this context raises questions of Virginia law that are appropriately certified to the Supreme Court of Virginia. Questions certified to Supreme Court of Virginia.

1

Timothy M. O'Brien, Levin Papantonio Thomas Mitchell Rafferty & Proctor, P.A., Pensacola, FL, for Plaintiffs-Appellants.

Norman C. Kleinberg, Theodore V.H. Mayer, William J. Beausoleil, Hughes Hubbard & Reed LLP, New York, NY; Paul F. Strain, David J. Heubeck, Venable LLP, Baltimore, MD, for Defendant-Appellee.

LOHIER, Circuit Judge:

This consolidated appeal involves questions of Virginia law relating to equitable and statutory cross-jurisdictional tolling, and in particular whether Virginia law recognizes the tolling doctrine established in American Pipe & Construction Company v. Utah, 414 U.S. 538 (1974).

The plaintiffs in these four cases appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, J.), granting summary judgment in favor of defendant Merck Sharp & Dohme Corporation ("Merck"), formerly known as Merck & Co., Inc., and dismissing their product liability claims for injuries allegedly caused by Merck's prescription drug, Fosamax.[1]  The plaintiffs filed their separate lawsuits in the Southern District of New York based on diversity jurisdiction under 28 U.S.C. § 1332.

The plaintiffs, all residents of Virginia, raise only state law claims and do not dispute either that Virginia's two-year statute of limitations applies to their claims or that they filed their actions more than two years after they were first injured.  Instead, they argue that the statute of

---

[1] By prior order of our Court, the Casey, Quarles, and Schnurr cases were consolidated on appeal.  The appeal in Brodin was originally assigned to a different panel of this Court.  See Brodin v. Merck & Co., No. 10-1149-cv (2d Cir.) (submitted Feb. 3, 2011).  By order filed this day it has now been consolidated with the other three cases.

2

limitations was tolled by the pendency of a federal class action filed in the United States District Court for the Middle District of Tennessee on September 15, 2005, which alleged similar injuries and raised similar claims. In particular, the plaintiffs argue that the "rule" of American Pipe should apply, and, accordingly, that the statute of limitations should have been tolled from September 2005 until the motion for class certification was denied in that case in January 2008 – in other words, for some 28 months.

The District Court rejected the plaintiffs' argument that American Pipe applied to their claims and concluded instead that Virginia law controlled the timeliness of the action. Relying on the Fourth Circuit's decision in Wade v. Danek Medical, Inc., 182 F.3d 281 (4th Cir. 1999), which predicted that the Supreme Court of Virginia would reject tolling for federal class actions filed in foreign jurisdictions, the District Court held that Virginia law did not permit tolling of a state statute of limitations due to the pendency of a class action filed in another jurisdiction. See In re Fosamax Prods. Liab. Litig., 694 F. Supp. 2d 253, 258 (S.D.N.Y. 2010). We agree with the District Court that Virginia law governs the question of whether the plaintiffs' claims were tolled pending the Tennessee class action. But, both Wade itself, and state and federal court decisions in Virginia since Wade, leave us less certain whether equitable or statutory cross-jurisdictional tolling is available under Virginia law. Accordingly, we certify the following two questions to the Supreme Court of Virginia and stay resolution of these cases in the interim:

(1) Does Virginia law permit equitable tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

(2) Does Va. Code Ann. § 8.01-229(E)(1) permit tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

**BACKGROUND**

Fosamax is a prescription drug manufactured by Merck that falls within a class of drugs known as bisphosphonates, which are commonly used to treat bone conditions such as osteoperosis. Fosamax is a nitrogenous bisphosphonate, and nitrogenous bisphosphonates have allegedly been linked to osteonecrosis – bone death – of the jaw. Plaintiff Rebecca Quarles was prescribed and took Fosamax for roughly six months starting in 2002. She was diagnosed with osteonecrosis of the jaw and failure of dental implants on October 31, 2003, and sued Merck on December 17, 2007. Dorothy Deloriea was prescribed and took Fosamax in 1999, and developed osteomyelitis and osteonecrosis of the jaw in 2004. She commenced her action against Merck on November 12, 2008. Ora Casey was prescribed and took Fosamax for four years, beginning in July 2000. She was diagnosed with osteonecrosis of the jaw in 2004, and died three years later, in December 2007. Casey's estate initiated this action on January 25, 2008. Roberta Brodin was prescribed and took Fosamax beginning in February 2001 and was diagnosed with osteonecrosis of the jaw in 2005. She initiated her action on May 1, 2007.

Quarles, Deloriea, Casey, and Brodin each sued Merck in separate actions in the Southern District of New York, raising exclusively Virginia state law claims. The actions asserted diversity of citizenship as the basis for federal jurisdiction and alleged common claims for strict liability, failure to warn, breach of express and implied warranty, and negligence in the design, testing, development, manufacture, labeling, marketing, distribution and sale of Fosamax.[2]

---

[2] In addition to these claims, Ora Casey's husband, John Casey, and Roberta Brodin's husband, Thomas Brodin, raised claims for loss of consortium, and Deloriea, Quarles, and

(continued...)

In September 2005, before the plaintiffs filed these cases, a putative class action asserting substantially identical claims on behalf of a nationwide class of Fosamax users was filed in the Middle District of Tennessee. That action, Wolfe v. Merck, was transferred to the Southern District of New York by the Judicial Panel on Multidistrict Litigation.[3] The District Court denied the motion to certify the class in Wolfe v. Merck on January 28, 2008. See In re Fosamax Prods. Liab. Litig., No. 1:06-md-01789 (S.D.N.Y. Jan. 28, 2008) (order denying class certification). At least for purposes of this appeal, Merck concedes that the plaintiffs would have been members of the certified class had the certification motion been granted by the District Court.

On June 23, 2009, Merck moved for summary judgment against all three plaintiffs, arguing that New York's borrowing statute required application of Virginia's two-year statute of limitations. Merck further argued that, because the plaintiffs' complaints were all filed more than four years after they allegedly sustained their injuries, their claims were time-barred.

Citing American Pipe, the plaintiffs responded that their claims were timely because Virginia's two-year statute of limitations was tolled for 28 months during the pendency of the Wolfe class action, until the District Court denied class certification. The plaintiffs argued that, under American Pipe, which involved federal claims and a federal statute of limitations, the filing of a putative class action tolls the limitations period for absent class members, regardless

---

[2](...continued)
Roberta Brodin raised claims for fraudulent misrepresentation and fraudulent concealment.

[3] The Judicial Panel on Multidistrict Litigation consolidated certain Fosamax cases in the Southern District of New York by order dated August 16, 2006. In re Fosamax Prods. Liab. Litig., 444 F. Supp. 2d 1347 (J.P.M.L. 2006).

of whether the claims of absent members arise under federal or state law or whether the applicable state's law permits tolling.

On March 15, 2010, the District Court granted Merck's summary judgment motion. See In re Fosamax Prods. Liab. Litig., 694 F. Supp. 2d 253 (S.D.N.Y. 2010). The court agreed with Merck that New York choice of law rules applied and that New York's borrowing statute, N.Y. C.P.L.R. 202, required application of "the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." Id. at 256 (quoting Stuart v. Am. Cyanamid Co., 158 F.3d 622, 627 (2d Cir. 1998)) (internal quotation marks omitted). Because the cause of action accrued in Virginia, the District Court applied Virginia's shorter, two-year statute of limitations. Id.

The District Court rejected the plaintiffs' contention that the pendency of the Wolfe class action tolled Virginia's limitations period for their claims. The court observed that American Pipe involved the tolling of a federal statute of limitations period based on the filing of a prior federal, rather than state, cause of action. Id. at 257. It held, relying on our decision in In re Agent Orange Product Liability Litigation, 818 F.2d 210, 213 (2d Cir. 1987), that "a federal diversity court applies state law in determining whether a statute of limitations has been tolled," and that "the applicable state statute of limitations – here, that of Virginia – was tolled during the pendency of the Wolfe class action only if the American Pipe rule also applies under the laws of that state." 694 F. Supp. 2d at 257.

The District Court next addressed whether Virginia law would allow the Wolfe class action filed in a foreign jurisdiction (Tennessee) to toll the limitations period of an action arising in Virginia – in other words, whether Virginia law would allow for "cross-jurisdictional class

6

action tolling." Id. at 257. The District Court asserted that "[n]o Virginia court has answered these questions," id. at 258, but that the Fourth Circuit had "definitively" held that "the Virginia Supreme Court would not adopt a cross-jurisdictional equitable tolling rule." Id. (quoting Wade, 182 F.3d at 287) (internal quotation marks omitted). Deferring to Wade, the District Court found that the plaintiffs' claims were not tolled and were therefore untimely under Virginia law. It accordingly granted summary judgment in favor of Merck. 694 F. Supp. 2d at 259.

This appeal followed.

**DISCUSSION**

The central question in this appeal is whether the pendency of a putative class action filed in a different jurisdiction tolled the statute of limitations for the plaintiffs' state law claims. That question turns on (1) whether state or federal tolling law applies in this context and (2) if state tolling law does apply, the content of Virginia law. "We review legal conclusions, [including] the application of a statute of limitations, de novo." Somoza v. New York City Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008).

**1. American Pipe Tolling**

In American Pipe, the Supreme Court announced a rule intended "to preserve the individual right to sue of the members of a proposed class until the issue of class certification has been decided." In re Agent Orange, 818 F.2d at 214. Although the plaintiffs do not dispute that Virginia's two-year limitations period applies to their claims, they assert that American Pipe announced a federal tolling rule that applies to all cases filed in federal court, regardless of the nature of the claims or the basis for federal jurisdiction. Whether American Pipe tolling is applicable to state causes of action is an open question in this Circuit.

7

We addressed this issue in In re Agent Orange. In that case, three employees of the University of Hawaii filed a class action seeking relief for a putative class of individuals on the Hawaiian island of Kauai who had been exposed to the toxic chemical Agent Orange. 818 F.2d at 212-13. Hawaii's two-year statute of limitations began to run in 1979, and the employees commenced their tort action in 1982. Id. at 213. However, in reliance on American Pipe, they asserted that the statute of limitations for their claims should be tolled based on the pendency of a separate class action filed in a different jurisdiction alleging injuries caused by Agent Orange. In dictum, we noted that it was "doubtful that . . . American Pipe . . . can be treated as applicable precedent" given that "[t]he limitation period[] of American Pipe . . . [was] derived from [a] federal statute[]" whereas in In re Agent Orange, "we [were] dealing with Hawaii's limitation statutes." Id. at 213. We then concluded that the plaintiffs could not rely on the rule of American Pipe in any event because they were not and could not have become a part of the other class action. See id. at 214.

We recognize that, like the District Court here, certain district courts have interpreted our decision in In re Agent Orange as holding conclusively that American Pipe can apply only to cases involving federal causes of action and federal statutes of limitation, and that state rather than federal law applies to tolling issues whenever jurisdiction rests on diversity of citizenship. See, e.g., In re Rezulin Prods. Liab. Litig., No. 00Civ.2843, 2006 WL 695253, at *1 (S.D.N.Y. Mar. 15, 2006); Williams v. Dow Chem. Co., No. 01 Civ. 4307, 2004 WL 1348932, at *11 (S.D.N.Y. June 16, 2004). But see Primavera Familienstifung v. Askin, 130 F. Supp. 2d 450, 516 (S.D.N.Y. 2001) ("[T]he Second Circuit has assumed the validity of Justice Rehnquist's categorical statement in his Chardon v. Fumero Soto dissent . . . .") (internal citations and quotation marks omitted), modified on other grounds, 130 F. Supp. 2d 450. We do not read In re

8

*Agent Orange* or any of our precedents, however, as either conclusively resolving the question of *American Pipe's* application to federal court cases arising under state law or addressing the issue of cross-jurisdictional tolling.

To the extent that In re *Agent Orange* did not squarely resolve the issue, we now join the majority of our sister courts that have addressed the issue in holding that a federal court evaluating the timeliness of state law claims must look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of a putative class action in another jurisdiction. See, e.g., *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to import a cross-jurisdictional tolling rule into California law, which otherwise does not have such a rule, and finding that "[t]he rule of *American Pipe* – which allows tolling within the federal court system in federal question class actions – does not mandate cross-jurisdictional tolling as a matter of state procedure"); *Wade*, 182 F.3d at 287-90 (refusing to import a cross-jurisdictional tolling provision into Virginia law, and holding that state law tolling provisions trump conflicting federal law where a federal court sits in diversity); *Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1147 (5th Cir. 1997) ("[T]his Texas rule clearly conflicts with the well-established federal practice on class action tolling. We conclude, however, that, for this case, the federal interest in that practice does not trump the Texas tolling rule."). We find the reasoning of these cases compelling and agree that tolling here is properly understood to be a question of state law. See *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 110 (1945); *Schermerhorn v. Metro. Transp. Auth.*, 156 F.3d 351, 354 (2d Cir. 1998).

2. **Determining Virginia Law**

To determine questions of state law, we look principally to the opinions of that state's courts. Where, as here, a question of state law has not been conclusively resolved by those

9

courts, our general practice is to look next to the law of the circuit in which the state is located, here the Fourth Circuit. See Factors, Etc., Inc. v. Pro Arts, Inc., 652 F.2d 278, 283 (2d Cir. 1981). However, where circuit law is no more conclusive, or where we have some reason to question the continuing validity of that law, certification of one or more questions to a state's highest court is an option at our disposal. See, e.g., Desiano v. Warner-Lambert & Co., 467 F.3d 85, 92 n.4 (2d Cir. 2006). Indeed, because certification was not available to the court in Factors, it could not resolve the question of our ability to certify a question of state law to a state court even though the question had already been answered by the sister circuit whose jurisdiction included the state in question. We did, however, appear to anticipate the issues that might then arise. See Factors, 652 F.2d at 282 (describing the policy rationales for deferring to sister circuits on questions of state law, "[e]xcept in those [then-]few jurisdictions permitting a federal court to certify"). When, as here, we lack sufficient indicia on which to decide an issue of state law despite a relevant prior federal court of appeals decision, certification to a state court may be warranted. Factors does not prevent us from certifying a question of Virginia law to a Virginia court even though there is a prior decision on point from the Fourth Circuit.

### a. **Certification**

Under our rules and those of the Supreme Court of Virginia, we may certify a question to that body where a question of state law is "determinative" of a claim before us and "it appears that there is no controlling precedent on point in the decisions of [the Supreme Court of Virginia] or the Court of Appeals of Virginia." Va. Sup. Ct. R. 5:40(a); 2d Cir. Local R. 27.2. We "do not certify every case that meets these criteria," but instead evaluate at least three factors in determining whether certification is appropriate: "(1) the absence of authoritative state court

10

decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." O'Mara v. Town of Wappinger, 485 F.3d 693, 698 (2d Cir. 2007).

### b. Wade v. Danek Medical, Inc.

As the District Court correctly observed, 694 F. Supp. 2d at 258, the Supreme Court of Virginia has never addressed the precise question of whether Virginia law would allow for a cross-jurisdictional tolling rule – either equitable or statutory. The Fourth Circuit, however, provided some guidance over a decade ago in Wade. Under Factors, our analysis of Virginia law starts, therefore, with Wade, which held that the Supreme Court of Virginia "would not adopt" an equitable rule of cross-jurisdictional tolling for federal class actions.

Jeannette Wade initiated a products liability action against the manufacturer of a spinal fixation device that doctors implanted in Wade's back to ease her back pain. The device caused Wade to develop arachnoiditis and incontinence in April 1993, and she had the device removed in April 1995. 182 F.3d at 284. Meanwhile, two federal class actions were filed against various manufacturers of the same spinal fixation devices, including Danek Medical, in federal courts in Pennsylvania and Louisiana. Id. Wade and her husband were putative class members in both actions. Id. Wade filed her action in the Eastern District of Virginia in October 1995, and the district court dismissed it as untimely. On appeal, Wade argued that Virginia's statute of limitations was tolled by the pendency of the federal class actions.

The Fourth Circuit affirmed the district court's dismissal, finding that the Supreme Court of Virginia would not apply an equitable tolling rule for federal class actions filed outside Virginia for three reasons. Id. at 286-88. First, the court determined that Virginia has no interest in promoting class action procedures in other jurisdictions because it has no class action procedures itself. Second, the court explained that Virginia has an interest in avoiding the flood

11

of follow-on filings that would result if it adopted a cross-jurisdictional class action tolling rule. Third, the court noted that the Supreme Court of Virginia has "historically resisted" becoming "dependent on the resolution of claims in other jurisdictions," as would inevitably occur if "the length of the limitations period var[ied] depending on the efficiency (or inefficiency) of courts in" foreign jurisdictions. Id. at 288. Focused as it was on the issue of equitable cross-jurisdictional tolling, the court in Wade referred only obliquely to Virginia's tolling statute, Va. Code Ann. § 8.01-229(E)(1),[4] describing the statute as "providing for tolling of the limitations period in certain other situations." Id. at 286 n.4 (emphasis added). The Fourth Circuit did not identify the "other situations" in which the tolling statute would apply.

### c. **Post-Wade Decisions**

Subsequent decisions prompt us to question further the validity of Wade's pronouncement that the Supreme Court of Virginia would not adopt a cross-jurisdictional equitable tolling rule. Two years after Wade, the Supreme Court of Virginia for the first time considered whether Virginia's tolling statute, Va. Code Ann. § 8.01-229(E)(1), was triggered by an action filed in a foreign jurisdiction, and concluded that the statute applies to "actions filed in federal courts." Welding, Inc. v. Bland Cnty. Serv. Auth., 541 S.E.2d 909, 912 (Va. 2001). Welding, a construction company, sued the Bland County Service Authority in federal court in

---

[4] The relevant section of the Virginia tolling statute states:

> Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01-229(E)(1).

West Virginia for payments allegedly due under a construction contract. The district court dismissed the action for lack of jurisdiction pursuant to a forum-selection clause in the contract. Id. at 911. Welding filed a new action in Virginia state court, and the state trial court dismissed Welding's action as untimely under Virginia's applicable six-month limitations period because filing it in a forum "outside the jurisdiction of the Commonwealth" prevented Weld from invoking Virginia's tolling statute. Id. (internal quotation marks omitted).

The Supreme Court of Virginia reversed. It explained that "[t]here is no language in [Virginia's tolling statute] which limits or restricts its application to a specific type of action or precludes its applicability to actions filed in a federal court. Accordingly, we conclude that the trial court erred in construing Code § 8.01-229(E)(1) as inapplicable to actions filed in federal courts." Id.

In Shimari v. CACI International, Inc., No. 1:08cv827, 2008 WL 7348184 (E.D. Va. Nov. 25, 2008), the United States District Court for the Eastern District of Virginia addressed the issue presented here, namely, "whether cross-jurisdictional tolling applies under Virginia law to the common-law tort claims of putative plaintiffs in a class action lawsuit filed in federal court" in another jurisdiction "where certification is later denied." Id. at *1. The district court in Shimari acknowledged that Wade "declined the application of cross-jurisdictional tolling, predicting that Virginia would not adopt it." Id. But it asserted that Wade had wrongly predicted the evolution of Virginia law in view of Welding, which "required" the court "to apply Virginia's equitable tolling rules whether jurisdiction is based on federal question or diversity." Id. at *2 ("In Welding, the court expressly recognized cross-jurisdictional tolling in Virginia. As a result, the filing of the . . . class action equitably tolled the statute of limitations . . . .").

13

More recently, in Torkie-Tork v. Wyeth, 739 F. Supp. 2d 887 (E.D. Va. 2010), the United States District Court for the Eastern District of Virginia again concluded that Virginia law permitted cross-jurisdictional tolling in the context of class actions. The facts in these cases on appeal are similar to the facts in Torkie-Tork. There, Georgia Torkie-Tork, a Virginia citizen, sued a pharmaceutical manufacturer of a drug that allegedly injured her. She filed her complaint in Virginia state court on July 2, 2004, asserting claims of negligence, defective design, failure to warn, breach of express warranty, negligent misrepresentation, and fraud. 739 F. Supp. 2d at 889. The action was first removed to the Eastern District of Virginia in August 2004, and then transferred to the Eastern District of Arkansas as part of a multi-district litigation. At the conclusion of the multi-district litigation, the case was transferred back to the Eastern District of Virginia, where the defendant moved for summary judgment on the ground that the action was untimely, among other things. Id. Torkie-Tork responded that a federal class action in the Northern District of Illinois encompassing class members who suffered injury after taking the same drug served to toll the Virginia limitations statute. Id.

The district court in Torkie-Tork concluded that, in light of Welding, Wade's pronouncement that the Supreme Court of Virginia would refuse to adopt cross-jurisdictional class action tolling was no longer good law. Id. at 892-93. The court agreed with the court in Shimari that Wade had misconstrued Virginia law and that Welding "refutes Wade's rationale and holding," even though it concerned statutory rather than equitable tolling. 739 F. Supp. 2d at 893. Instead, it held that Virginia Code Ann. § 8.01-229(E)(1) "operates to toll Virginia's statute of limitations for the time during which the plaintiff is a putative member of a federal class action suit" in another jurisdiction. Id. at 894. The court reasoned that "there is no coherent basis to distinguish the tolling statute's application to a standard federal civil suit – to which,

14

after <u>Welding</u>, statutory tolling clearly applies – from its application to a federal class action suit." <u>Id.</u>

<u>Welding</u>, <u>Shimari</u>, and <u>Torkie-Tork</u> give us reason to believe that <u>Wade</u> may not, in fact, be a correct statement of Virginia law. To be sure, there are important factual and procedural differences between <u>Welding</u>, <u>Shimari</u>, and <u>Torkie-Tork</u> on the one hand, and <u>Wade</u> on the other hand. For example, <u>Welding</u> did not involve a class action or implicate the policy interests discussed in <u>Wade</u> as reasons to reject cross-jurisdictional tolling in the class action context. And <u>Torkie-Tork</u> focused entirely on Virginia's tolling statute, <u>id.</u> at 892-95, without analyzing Virginia's equitable tolling doctrine. Nonetheless, these post-<u>Wade</u> decisions give us reason to conclude that the relevant question of state law necessary to resolve this appeal remains an open one.

As previously noted, because certification is available in this case, and we believe that we lack sufficient indicia of Virginia state law, we can ask the Supreme Court of Virginia itself whether <u>Wade</u> accurately predicted Virginia law. We conclude that certification to the Supreme Court of Virginia is appropriate on these facts. In particular, we are satisfied that there is a lack of authoritative state court decisions on point, that the issue is one of considerable importance to the state, and that these issues arise with some frequency. Finally, we are confident that certification can and will resolve this litigation as the issues to be certified are determinative of this appeal. Va. Sup. Ct. R. 5:40(a).

**CONCLUSION**

For the reasons set forth above, we hereby certify the following two questions to the Supreme Court of Virginia:

15

(1)  Does Virginia law permit equitable tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

(2) Does Va. Code Ann. § 8.01-229(E)(1) permit tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

It is hereby Ordered that the Clerk of Court transmit to the Clerk of the Supreme Court of Virginia a Certificate, together with this decision and a complete set of the briefs, appendices, and record filed in this Court by the parties.  This panel will retain jurisdiction to consider all issues that remain on these consolidated appeals once the Supreme Court of Virginia has either provided us with its guidance or declined certification.