10-1137-cv(L)
Casey v. Merck & Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2010

Submitted: January 27, 2011     Final Submission: February 16, 2011
Questions Certified: August 5, 2011     Certified Questions Answered: March 2, 2012
Decided: May 1, 2012

Docket Nos. 10-1137-cv(L), 10-1196-cv(Con), 10-1150-cv(Con), 10-1149-cv(Con)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOHN CASEY, INDIVIDUALLY AS ADMINISTRATOR
OF THE ESTATE OF ORA CASEY, REBECCA
QUARLES, ROBERT SCHNURR, DOROTHY C.
DELORIEA, ROBERTA BRODIN, THOMAS BRODIN,

Plaintiffs-Appellants,

v.

MERCK & CO., INC.,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Before: SACK, LIVINGSTON, and LOHIER, Circuit Judges.

Appeal by the plaintiffs from a decision of the United States District Court for the Southern District of New York (Keenan, J.), concluding that the statute of limitations for the plaintiffs' product liability claims, brought under Virginia law, was not tolled by the filing of a putative federal class action that raised identical claims, and dismissing the plaintiffs' claims as time-barred. Based on the answers of the Supreme Court of Virginia to our certified questions, we affirm the judgment of the District Court.

> Timothy M. O'Brien, Levin Papantonio Thomas
> Mitchell Echsner Rafferty & Proctor, P.A.,
> Pensacola, FL, for Plaintiffs-Appellants.

Norman C. Kleinberg, Theodore V.H. Mayer, William J. Beausoleil, Hughes Hubbard & Reed LLP, New York, NY; Paul F. Strain, David J. Heubeck, Venable LLP, Baltimore, MD, <u>for</u> Defendant-Appellee.

LOHIER, <u>Circuit Judge</u>:

We return to consider this consolidated appeal in light of the answers provided by the Supreme Court of Virginia in <u>Casey v. Merck & Co.</u> ("<u>Casey III</u>"), 722 S.E.2d 842 (Va. 2012), in response to questions that we certified to it in <u>Casey v. Merck & Co.</u> ("<u>Casey II</u>"), 653 F.3d 95 (2d Cir. 2011).[1] In <u>In re Fosamax Prods. Liab. Litig.</u> ("<u>Casey I</u>"), 694 F. Supp. 2d 253, 259 (S.D.N.Y. 2010), the District Court granted summary judgment in favor of defendant Merck Sharp & Dohme Corporation ("Merck"), formerly known as Merck & Co., Inc., dismissing as time-barred the plaintiffs' product liability claims for injuries allegedly caused by Fosamax, a prescription drug manufactured by Merck.

On appeal, the plaintiffs argued that the statute of limitations was tolled by the filing of a federal class action in the United States District Court for the Middle District of Tennessee that alleged similar injuries and raised similar claims. We determined that state law controlled the availability of tolling in this context and certified two questions regarding equitable and statutory cross-jurisdictional tolling to the Supreme Court of Virginia. <u>Casey II</u>, 653 F.3d at 104.

The Supreme Court of Virginia answered both of our questions in the negative, concluding that "Virginia recognizes neither equitable nor statutory tolling due to the pendency of a putative class action in another jurisdiction." <u>Casey III</u>, 722 S.E.2d at 846. In light of this response, we affirm the judgment of the District Court.

---

[1] The <u>Casey</u>, <u>Quarles</u>, <u>Deloriea</u>, and <u>Brodin</u> appeals were consolidated by prior order of this Court.

**BACKGROUND**

We assume familiarity with the underlying facts and procedural history of this case, which are set forth in our previous opinion, Casey II, and we recount them here only as necessary to explain our disposition of this appeal.

Merck manufactures Fosamax, a prescription drug, used to treat osteoporosis, that falls within a class of drugs that has allegedly been linked to osteonecrosis—bone death—of the jaw. The plaintiffs assert exclusively Virginia state law claims. They do not dispute that Virginia's two-year statute of limitations applies to their claims or that they filed their actions more than two years after they were first injured.[2]

A federal class action on behalf of a nationwide class of plaintiffs who allegedly suffered personal injuries due to the use of Fosamax, captioned Wolfe v. Merck & Co., No. 3:05-0717 (M.D. Tenn.), was filed in the United States District Court for the Middle District of Tennessee in September 2005, before the plaintiffs filed their individual suits. The putative class action included "[a]ll persons who consume or have consumed FOSAMAX, whether intravenously or by mouth." That action was transferred to the Southern District of New York by the Judicial Panel on Multidistrict Litigation. In re Fosamax Prods. Liab. Litig., 444 F. Supp. 2d 1347, 1350 (J.P.M.L. 2006). The District Court denied the motion for class certification on January 3, 2008,

---

[2] Plaintiff Rebecca Quarles was prescribed and took Fosamax for roughly six months starting in 2002. She was diagnosed with loss of jaw bone and failed dental implants in 2003, and she sued Merck in 2007. Dorothy Deloriea was prescribed and took Fosamax in 1999, and she developed osteomyelitis and osteonecrosis of the jaw in 2004. She commenced her action against Merck in 2008. Ora Casey began taking Fosamax in 2000 and was diagnosed with osteonecrosis of the jaw in 2004. She died three years later, in December 2007, and her estate initiated this action in 2008. Roberta Brodin was prescribed and took Fosamax beginning in February 2001 and was diagnosed with osteonecrosis of the jaw in 2005. She initiated her action in 2007.

*In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. 389, 404 (S.D.N.Y. 2008),[3] and entered a formal order dismissing all putative class action claims on January 28, 2008, *In re Fosamax Prods. Liab. Litig.*, No. 1:06-md-1789 (S.D.N.Y. Jan. 28, 2008) (order dismissing class claims). Merck concedes, at least for purposes of appeal, that the plaintiffs would have been members of the certified class had the District Court certified the proposed nationwide class.

On June 23, 2009, Merck moved for summary judgment in *Casey I*, contending that the plaintiffs' actions were untimely under Virginia's two-year statute of limitations for personal injury actions. In response, the plaintiffs claimed that the *Wolfe* putative class action, which was filed within the two-year limitation period, tolled the running of the Virginia statute of limitations on their individual actions because they would have been members of the proposed class had certification been granted. The District Court granted Merck's motion, concluding that the filing of the *Wolfe* putative class action did not toll Virginia's limitations period for the plaintiffs' state law claims. *Casey I*, 694 F. Supp. 2d at 259.

On appeal in *Casey II*, we considered the applicability of the class action tolling doctrine established in *American Pipe & Construction Company v. Utah*, 414 U.S. 538 (1974), to state law causes of action and held that "a federal court evaluating the timeliness of state law claims must look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of a putative class action in another jurisdiction." 653 F.3d at 100. Having determined that the availability of tolling was governed by state law, we

---

[3] The motions for class certification filed before the District Court sought to certify three statewide classes defined to include all current and former users of Fosamax in the states of Pennsylvania, Florida, and Louisiana who had not been diagnosed with osteonecrosis of the jaw. *In re Fosamax Prods. Liab. Litig.*, 248 F.R.D. at 391.

4

turned to Virginia law. The Supreme Court of Virginia had never previously addressed the question of whether Virginia law would allow for an equitable or statutory cross-jurisdictional tolling rule. Although the Fourth Circuit had predicted, in Wade v. Danek Medical, Inc., 182 F.3d 281, 287 (4th Cir. 1999), that the Supreme Court of Virginia would not adopt an equitable rule of cross-jurisdictional tolling for federal class actions, we determined that the persuasiveness of this opinion had been undermined by several post-Wade decisions, including the Supreme Court of Virginia's decision in Welding, Inc. v. Bland County Service Authority, 541 S.E.2d 909 (Va. 2001). Casey II, 653 F.3d at 103. We therefore certified the following two questions to the Supreme Court of Virginia:

> (1) Does Virginia law permit equitable tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

> (2) Does Va. Code Ann. § 8.01-229(E)(1) permit tolling of a state statute of limitations due to the pendency of a putative class action in another jurisdiction?

Id. at 104.[4]

## DISCUSSION

The Supreme Court of Virginia accepted the certified questions and answered both in the negative. Addressing the first question, the court noted that it "is well-established that statutes of limitations are strictly enforced." Casey III, 722 S.E.2d at 845 (quotation marks omitted). Further, "[a] statute of limitations may not be tolled, or an exception applied, in the absence of a clear statutory enactment to such effect." Id. (quotation marks omitted). Relying on those

---

[4] Va. Code Ann. § 8.01-229(E)(1) provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period."

principles, the court concluded that "there is no authority in Virginia jurisprudence for the equitable tolling of a statute of limitations based upon the pendency of a putative class action in another jurisdiction." Id.

As for our second question, the Supreme Court of Virginia explained that, in order for a statute of limitations to be tolled for a subsequent action under Va. Code Ann. § 8.01-229(E)(1), "the party who brought the original action must be the same as the plaintiff in the subsequent action or a recognized representative of that plaintiff asserting the same cause and right of action." Id. at 846. In addition, because class actions are not recognized under Virginia law, "a class representative who files a putative class action is not recognized as having standing to sue in a representative capacity on behalf of the unnamed members of the putative class. Thus, . . . there is no identity of parties between the named plaintiff in a putative class action and the named plaintiff in a subsequent action filed by a putative class member individually." Id. Accordingly, the Supreme Court of Virginia held that Va. Code Ann. § 8.01-229(E)(1) "does not toll the statute of limitations for unnamed putative class members due to the pendency of a putative class action in another jurisdiction." Id.

The plaintiffs' arguments on appeal relied exclusively on their contention that the statute of limitations should have been tolled during the pendency of the Wolfe putative class action. The Supreme Court of Virginia has now confirmed that, under Virginia law, neither Virginia's tolling statute nor equitable principles provide for cross-jurisdictional tolling under these circumstances. Its decision requires us to affirm the District Court's grant of summary judgment on the ground that the plaintiffs' claims are time-barred.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the District Court. We thank the Supreme Court of Virginia for its assistance in construing these tolling principles under Virginia law.