16-2913-cv
Icebox-Scoops, Inc. v. Finanz St. Honore, B.V., et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand seventeen.

PRESENT:  RAYMOND J. LOHIER, JR.,
                CHRISTOPHER F. DRONEY,
                                *Circuit Judges,*
                JED S. RAKOFF,
                                *District Judge.**
-----------------------------------------------------------------

ICEBOX-SCOOPS, INC.,

                                *Plaintiff-Appellant,*

                        v.                                No. 16-2913-cv

FINANZ ST. HONORE, B.V, DANA CLASSIC
FRAGRANCES, INC.,

                                *Defendants-Appellees.*
-----------------------------------------------------------------

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     MORRIS E. COHEN, Goldberg Cohen, LLP, New York, NY.

FOR APPELLEES:     CHARLES A. MICHAEL, Steptoe & Johnson LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nina Gershon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

Icebox-Scoops, Inc. ("Icebox") appeals from the District Court's amended judgment of July 27, 2016.   Icebox asserts that the District Court erred by (1) granting Defendants-appellees' motion for partial summary judgment to limit Icebox's damages for breach of contract and fraud to out-of-pocket expenses and to exclude punitive damages on the fraud claim; and (2) denying Icebox's motion for leave to amend its complaint to add claims for equitable relief, including restitution and disgorgement.   We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

### 1. Motion for Partial Summary Judgment

#### a. Breach of Contract and Breach of Warranty

Icebox argues that the Limitation of Liabilities clause in its March 1, 2005 license agreement with Finanz St. Honore, B.V. ("Finanz") is unenforceable as to Finanz because Finanz acted in bad faith and engaged in fraudulent conduct, and is unenforceable as to Dana Classic Fragrances, Inc. ("Dana") because Dana is not a party to the agreement. We agree.

The license agreement is governed by Pennsylvania law. "Under Pennsylvania law, clauses limiting damages in commercial settings are generally enforced." Borden, Inc. v. Advent Ink Co., 701 A.2d 255, 262 (Pa. Super. Ct. 1997). However, the Pennsylvania courts have not definitively resolved whether the fraudulent conduct of a party to a commercial licensing agreement can bar enforcement of an otherwise valid limitation of liability clause contained in that agreement. We therefore look to the decisions of the federal district courts in Pennsylvania and, to the extent it has analyzed the issue, the Third Circuit. See Casey v. Merck & Co., 653 F.3d 95, 100 (2d Cir. 2011) ("Where . . . a question of state law has not been conclusively resolved by [a state's] courts, our general practice is to look next to the law of the circuit in which the state is located . . . .").

3

The Third Circuit and almost all of the district courts in Pennsylvania that have considered the issue, as well as at least one Pennsylvania intermediate appellate court, have suggested that fraud coupled with bad-faith breach of contract is enough to invalidate an otherwise enforceable limitation of liability clause. See, e.g., Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 203 (3d Cir. 1995); Onconome, Inc. v. Univ. of Pittsburgh, No. 09cv1195, 2010 WL 1133425, at *3 (W.D. Pa. Mar. 23, 2010); Guy Chem. Co. v. Romaco N.V., No. CIVA 3:06-96, 2007 WL 184782, at *8 (W.D. Pa. Jan. 22, 2007); Werner Kammann Maschinenfabrik, GmbH v. Max Levy Autograph, Inc., No. Civ.A. 01-1083, 2002 WL 126634, at *5 (E.D. Pa. Jan. 31, 2002); John B. Conomos, Inc. v. Sun Co. (R & M), 831 A.2d 696, 700 (Pa. Super. Ct. 2003). In addition, the limitation of liability clause does not apply to Icebox's breach of warranty claim against Dana because Dana was not a party to the agreement. See EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty."). We therefore vacate the portion of the District Court's order limiting Icebox's contract damages to out-of-pocket expenses, and remand for further proceedings.

b. Fraud

We affirm the District Court's decision to limit Icebox's damages to

4

out-of-pocket expenses on its fraud claim under the "out-of-pocket" rule of New York law, which the parties agree applies. Schonfeld v. Hilliard, 218 F.3d 164, 183 (2d Cir. 2000). The out-of-pocket rule dictates that "there can be no recovery of profits which would have been realized in the absence of fraud." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996). Icebox nevertheless argues that it was entitled to punitive damages on its fraud claim. Under New York law, punitive damages are recoverable in a breach of contract action where the "conduct constituting, accompanying, or associated with the breach of contract" is (1) actionable as an independent tort, (2) sufficiently egregious, and (3) "part of a pattern of similar conduct directed at the public generally." Rocanova v. Equitable Life Assur. Soc'y of the U.S., 83 N.Y.2d 603, 613 (1994). These requirements apply where, as here, "a lawsuit has its genesis in [a] contractual relationship between the parties." N.Y. Univ. v. Cont'l Ins. Co., 87 N.Y.2d 308, 316 (1995). Icebox does not attempt to show public harm, contending instead that a showing of public harm is not required under Carvel Corp. v. Noonan, 350 F.3d 6 (2d Cir. 2003). We disagree. Here, Icebox's claims of fraud arise directly from the license agreement. Even under Carvel, therefore, the District Court did not err in concluding that punitive damages were

unavailable without an allegation of public harm.   See id. at 25 (public harm requirement applies where the tort is "directly related" to the contract).

    2.   <u>Motion for Leave to Amend</u>

The District Court concluded that it would be futile for Icebox to add a claim for equitable relief on either its breach of contract claim (under Pennsylvania law) or its fraud claim (under New York law).   Icebox argues that it was entitled to amend its complaint to seek restitution and disgorgement of the profits derived from Finanz's sale of the "Tinkerbell" trademark to Disney.

Under Pennsylvania law, equitable relief, including under a theory of restitution, is inappropriate if there is an adequate remedy at law, <u>see</u> <u>Commonwealth, Dep't of Pub. Welfare v. Eisenberg</u>, 454 A.2d 513, 514–15 (Pa. 1982), such as, for example, a liquidated damages clause in an agreement, <u>see</u> <u>Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.</u>, 828 A.2d 995, 1003 (Pa. 2003).   Here, the damages that we conclude are available to Icebox on its breach of contract claim provide an adequate remedy at law.   Accordingly, Icebox is not entitled to restitution as an alternate, equitable remedy.

As for the fraud claim under New York law, Icebox also argues that it was entitled to seek equitable relief, including disgorgement of Finanz's profits from

its transaction with Disney.   We agree with the District Court that disgorgement was inappropriate because Icebox would have been unable, under the licensing agreement, to obtain those profits for itself.   Here, in contrast to <u>Falk v. Hoffman</u>, 233 N.Y. 199 (1922), the primary case upon which Icebox relies, Icebox could not have sublicensed or assigned its rights to the Tinkerbell mark without Finanz's consent.   And Icebox points to no case where a defrauded licensee was permitted to disgorge profits from the owner's later sale of the property.   We therefore reject Icebox's argument that it was entitled to disgorgement under New York law.

We have considered the parties' remaining arguments in support of their respective positions and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and VACATED in part, and the case is REMANDED for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court